## LYSTER v. BREWER.

1. MOTION TO SET ASIDE A SALE. The court should not pass upon a motion to set aside a sheriff's sale without notice to the adverse party.

*Appeal from Marion District Court.*

MONDAY, JUNE 23.

. PLAINTIFF obtained a judgment against defendant before a justice, and filed a transcript thereof in the office of the Clerk of the District Court. Execution issued thereon, which was levied upon certain real estate. This was sold, purchased by plaintiff, and a deed made by the sheriff. Some twenty months after the execution of the deed, Titus Neal, claiming to hold under the defendant in the execution, moved to set aside this sale. Motion sustained, and plaintiff appeals. ·

*Seevers, Williams & Seevers* for the appellant.

*J. E. Neal* for the appellee.

WRIGHT, J. — The order setting aside the sale, and all proceedings thereunder, must be reversed. The plaintiff had no notice that such motion would be made, nor did he make a voluntary appearance thereto. " To set aside a sale on motion, without notice, or showing that the opposite party voluntarily appeared, in no manner binds him, and the party making the same can derive no advantage therefrom." *Wright* v. *Leclaire,* 3 Iowa, 241, and the authorities there cited.

As the record does not purport to contain all the evidence upon which the court below acted in deciding this motion, we shall not pass upon the correctness of the ruling. And this course we feel the more compelled to take, for the reason, that when the parties are all before the court the testimony and showing may be materially changed.

Reversed.