## OSBORN v. CLOUD.

1. **Practice:** MOTION TO SET ASIDE A SHERIFF'S SALE. A sheriff's sale will not be set aside on motion, when the purchaser at such sale was not a party to the execution, and has not been notified as a party to the motion.

2. **Appearance:** BY MOTION. When notice was served by publication in an attachment proceeding, and judgment was rendered against the attached property, an apppearance by motion to set aside a sheriff's sale of the property attached was held not to be "an appearance for any purpose connected with the suit" within the meaning of the language used in the third subdivision of section 2840, Revision of 1860, and did not give the court jurisdiction to render a general personal judgment.

3. **Attachment:** JUDGMENT. Whether a judgment can be attached in any other method than garnishment, *query.*

*Appeal from Polk District Court*

THURSDAY, OCTOBER 11.

THE appeal in this case is brought to reverse a ruling of the District Court upon a motion made by the defendant to set aside a sheriff's sale of a judgment, levied on by virtue of a writ of attachment. The motion was sustained and plaintiff appeals.

*Polk & Hubbell* for the appellant.

*M. D. McHenry* for the appellee.

COLE, J.—I. The purchaser of the judgment at the sheriff's sale was not the execution plaintiff or party PRACTICE: thereto, and was not made a party to the motion
motion to
set aside a   to set the sale aside, nor was he served with
sheriff's
sale.         notice of the motion, nor did he appear thereto. Even if a sheriff's sale may be set aside on motion when the purchaser is a third person, not a party to or interested in the execution, it certainly cannot be done, so as to

affect the right of such purchasers, without giving him notice of such motion. It was error therefore to set aside the sale without notice to the purchaser, who is really the adverse party to such proceeding. *Wright et al.* v. *Leclaire*, 3 Iowa, 221 (i. e.) 241, and authorities there cited; *Ritter* v. *Henshaw*, 7 Iowa, 97; *Lyster* v. *Brewer*, 13 Iowa, 461; *County of Polk, for use, etc.,* v. *Sypher et al.,* 17 Iowa, 358.

II. The original notice in the action, in which this motion to set aside the sale is made, was served by pub-

*Appear-
ance: by
motion.* lication only, and property having been attached in the action, the amount of the indebtedness by the defendant to the plaintiff was fixed and determined by the judgment, and the attached property was ordered to be sold under special execution, to satisfy the same. Upon actual sale the attached property brought the whole amount of the judgment.

After the defendant appeared by his attorney, to prosecute the motion to set aside the sale, the plaintiff filed his motion for a general judgment against the defendant on the original cause of action. This motion was overruled, and plaintiff excepted, and now assigns such ruling as error.

There was no error in the decision of the District Court. The appearance in support of the motion to set aside the sheriff's sale, was not an appearance " for any purpose connected with the cause " within the meaning of that language as used in the third subdivision of section 2840 of the Revision. It is so distinct from the cause as to require a separate notice. *Delaplain* v. *Hitchcock*, 6 Hill, 14 (per Bronson, J.. p. 17); *Cline* v. *Green*, 1 Blackf., 53; *Sears* v. *Low*, 2 Gilm., 281; *Wright et al.* v. *Leclaire*, 3 Iowa, 221 (i. e.) 241. Nor do we see how the plaintiff could be prejudiced by the ruling of the court, since the judgment had been satisfied by the sale of the attached property.

Without therefore determining whether the attachment in this case was legally levied upon the judgment, or ATTACH-MENT: judg-ment. whether the judgment can be attached in any other manner than by garnishment of the judgment debtor (see Drake on Attachment, § 626; Rev., § 3194, subdiv. 4), we place our judgment of reversal upon the sole ground of want of notice to the purchaser.

Reversed.