## J. M. BAKER, *et al.*, v. JOHN HALL.

1. CASE-MADE; *Valid Order Extending Time.* Where a final order is made by the district court on the 10th day of August, 1882, and the court immediately adjourns *sine die,* a party desiring to have the order reviewed by the supreme court may, on the 12th day of the same month, as was done in this case, appear before the judge of the district court at chambers and obtain a valid order from the judge extending the time within which to make and serve a case for the supreme court.

2. FACTS *Showing Valid Case-made.* Where a case for the supreme court is properly made and served upon the adverse party, and amendments to the case are suggested by the adverse party, and notice is given that the case will be presented to the judge of the court for settlement on the 28th day of September, 1882, at 2 o'clock in the afternoon; and the adverse party appears before the judge at that time, and remains until 3 o'clock in the afternoon, and then leaves; and the party making the case, who does not reside in the town where the judge is staying, arrives there at

about 3.10 P. M. of the same day, on a regular railway passenger train, which arrives each day at 3.10 P. M.; and only one such train arrives daily at that place; and such party appears before the judge and presents the case for settlement at 3.15 P. M. of said day; and the case is afterward duly settled and signed by the judge, in the absence of the adverse party, the judge taking into consideration both the case as made by one party and the suggestions of amendments as offered by the other party: *Held,* That the case is valid, notwithstanding the fact that the case was presented to the judge for settlement one hour and fifteen minutes after the time at which the notice stated it would be presented, and notwithstanding the absence of the adverse party.

3. ORDER, *Without Notice, Erroneous.* A sheriff's sale of real estate was set aside by the court, on motion of one of the parties, upon facts ascertained and proved by evidence other than the papers and proceedings already of record in the case, and without notice to and in the absence of one of the parties interested in the sale. *Held,* That the order of the court, setting aside the sale without notice, was erroneous under such circumstances.

### *Error from Neosho District Court.*

AT the July Term, 1882, of the district court, *Hall* obtained an order setting aside a sheriff's sale of certain real estate made to *Baker*, and confirming a sheriff's sale thereof to himself, in an action then pending in that court, wherein *Baker* was plaintiff and *Whitman* and two others were defendants. These orders *Baker*, and *Whitman* and wife, bring here for review. The opinion contains a full statement of the facts.

*C. H. Kimball,* for plaintiff in error Baker; *L. Stillwell,* for plaintiffs in error Whitman and wife.

*Hutchings & Denison,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: On July 1, 1878, John W. Whitman and Elizabeth Whitman his wife executed to Smedley Darlington a note and mortgage upon certain land situated in Neosho county, Kansas. This note and mortgage were afterward transferred by Darlington to J. M. Baker. On January 4, 1879, Whitman and wife executed a deed for the land to David Cassidy — Cassidy by the terms

*Statement of facts.*

of the deed to take the land subject to the note and mortgage. On November 18, 1880, a judgment was rendered on the note and mortgage in favor of Baker and against Whitman and wife for the sum of $1,141.87 and costs; and the mortgaged property was ordered to be sold to satisfy such judgment. On September 24, 1881, the mortgaged property was sold to John Hall for $70. The property was worth at the time at least $1,550. There were some irregularities connected with this sale: for instance, the order of sale recited that the judgment for costs was for $11.10, while in fact it was for only $10.10; and it does not appear that the notice of sale, which was published in a newspaper, was published in the last issue of the paper immediately preceding the day of the sale. Neither Baker nor either of the Whitmans, nor any person representing them, was present at the time of the sale. On November 14, 1881, David Cassidy and wife executed a quitclaim deed for the land to Hall. Afterward, the plaintiff Baker filed his written motion to set aside said sale on several grounds, the first being unavoidable casualty, accident and misfortune, by which the plaintiff was prevented from being present at said sale; and in consequence thereof (and the irregular proceedings of the officer and purchaser) the land was sold at a grossly inadequate price. In his motion to set aside the sale, the plaintiff offered to bid $1,400 for the land, in the event of a new sale being ordered; and also offered to pay Hall 12 per cent. interest on his $70 paid for the land from the day of the sale to the day the sale might be set aside. The defendants, the Whitmans, also filed their motion to set aside said sale, assigning substantially the same grounds set out in Baker's motion. There was no written motion filed by any one to confirm the sale, but Hall moved orally for a confirmation thereof. On the hearing of these motions, affidavits and other evidence were introduced by all the parties, including Hall. On February 1, 1882 — that being a portion of the November term, 1881, and a portion of the term at which said sale was made — the court made an order that if the plaintiff would stipulate to bid the sum of

$1,550 for the land, the sale should be set aside. The plaintiff excepted to that part of the order requiring him to bid $1,550, but agreed to bid that sum; and thereupon the court set aside the sale, and ordered that a new order of sale be issued on February 15, 1882. Said order of February 1, 1882, reads as follows:

"And now, to wit, on this first day of February, 1882, came the parties, plaintiff and defendants, and John Hall, the purchaser of the land in controversy, to wit, the south half ($\frac{1}{2}$) of the northeast and the east half ($\frac{1}{2}$) of the southeast quarter ($\frac{1}{4}$) of section number fourteen (14), in township number thirty (30), south, of range number seventeen (17), east, containing one hundred and sixty acres, in Neosho county, state of Kansas.

"And this cause is submitted to the court, upon the motion of plaintiff and defendants to set aside the sale herein, and the motion of the said purchaser to confirm said sale, and after the submission of the proofs and affidavits of the various parties, and the offer of plaintiff to bid $1,400, if a new sale be ordered; and after argument of counsel thereon, it is considered and ordered that if the plaintiff will here now stipulate to bid for said mortgaged premises the sum of $1,550, the said sale will be set aside and a new sale ordered; otherwise the said sale will be confirmed, and the sheriff directed to execute a good and sufficient deed to the said purchaser: to which direction and order of the court that plaintiff bid $1,550 the plaintiff duly excepted, and the plaintiff being present, stipulated and agreed to bid said sum of $1,550.

"Wherefore, it is ordered and decreed that said sale be and hereby is set aside; and it is further ordered that an order of sale issue for the sale of said premises on February 15, 1882, and that said bid of $1,550 shall be the first bid; to which plaintiff excepted."

On February 15, 1882, a new order of sale was issued, under which the land was again sold, this time to the plaintiff Baker, for $1,550. On April 5, 1882, this sale was set aside, because of certain irregularities connected therewith, for which irregularities Hall's counsel claimed, and the court afterward found, that the plaintiff's counsel was responsible. We shall probably have more to say with respect to this matter hereafter.

. Afterward, another order of sale was issued; and on June 17, 1882, the land was again sold to the plaintiff, for $1,550. On July 13, 1882, the plaintiff filed his motion to confirm this sale; and on July 17, 1882, Hall filed a motion asking that the sale of June 17 be set aside, and that the order of the court of February 1 be also set aside, and that the sale made to him on September 24, 1881, be confirmed. The grounds of said motion were as follows:

"1. The said order of the court conditionally setting aside said sale of real estate made to said John Hall, on the 24th of September, 1881, was obtained by fraud.

"2. The said plaintiff J. M. Baker, has willfully and knowingly refused and neglected to comply with the order of this court respecting the time within which an order of sale should issue and the land be advertised and sold, made as a condition to the conditional setting aside of said sale, and has willfully refused and neglected to comply with the stipulation filed by him on the first day of February, 1882, in compliance with the order of the court, and has willfully, corruptly, and fraudulently prevented said real estate from being sold on the order of sale, issued as required by the order of this court on the 15th day of February, 1882."

When this motion came on for hearing, and after it had been read to the court by one of Hall's counsel, L. Stillwell, an attorney at law — who had previously appeared for both Baker and the Whitmans, to have the sale of September 24, 1881, to Hall, set aside, but who had not previously appeared for any other purpose, made a special appearance for Whitman, to object to the consideration of the motion until Whitman had notice thereof. The court responded, in substance, that the hearing of the motion could proceed and the question of notice to Whitman could be considered in the future; and that if it seemed necessary or proper that Whitman should have further notice, it could then be given. Neither Stillwell nor the Whitmans made any further appearance in the case, and the hearing and determination of the motion proceeded. Hall read in evidence a number of affidavits, the object of which seemed to be to show that the publication notice of the March sale had been tampered with by a rov-

ing journeyman printer, at the instance of the counsel for the plaintiff Baker.   The court took the motion under advisement until the adjourned term in August, and at such adjourned term, on August 10, 1882, sustained Hall's motion, and set aside the sale of June 17, and the order of the court of February 1, and confirmed the sale made to Hall on September 24, 1881.   The order with reference to these things was dated back two days, and made to read as though it had been made on August 8, 1882.   The record of the case, as made and brought to this court, with respect to said order, reads as follows:

"And thereupon the following order was entered of record in said cause, which said order was inadvertently entered of record as having been made the 8th day of August, 1882, when in truth and in fact it was made on the 10th day of August, 1882.   The following is a copy of said order as entered on the journal:

"J. M. BAKER, Plaintiff, v. JOHN W. WHITMAN, ELIZABETH WHITMAN and JOHN A. BOWMAN, Defendants.—*Confirmation of Sale.*—And now, on this 8th day of August, 1882, the court having had this case under advisement, and having considered the several motions of the plaintiff and of John Hall, the owner of the equity of redemption and purchaser at the sheriff's sale, and the affidavits, oral testimony and other evidence introduced by the respective parties upon the hearing of said motions, and being fully advised in the premises, does find that the real estate in the judgment and decree herein described, to wit, the south half of the northeast quarter, and the east half of the southeast quarter of section No. fourteen (14), in township No. thirty (30), south, of range No. seventeen (17), east, in Neosho county, Kansas, was, on the 24th day of September, 1881, by the sheriff of Neosho county, Kansas, pursuant to said decree and judgment, sold to said John Hall; and that the proceedings of said officer in making said sale were in all respects regular and in conformity to law; that on the first day of February, 1882, upon the motion of said plaintiff, and for certain equitable reasons by him shown, the court made an order herein, setting aside said sale of September 24, 1881, conditionally, the conditions thereof to be performed by said plaintiff, and said plaintiff having entered into a stipulation to perform the same accordingly.

"And the court further finds that the grounds in the motions of said John Hall contained and set forth are true, and that subsequent to the making of the said conditional order and stipulation the said plaintiff' and his attorney, C. H. Kimball, Esq., in collusion with the defendant John W. Whitman and others, by deceit and fraudulent practices in violation of said stipulation and conditional order, prevented the conditions thereof from being performed; whereby great worry and injustice will be done to said John Hall, purchaser at the previous sale and owner of the equity of redemption, if said conditional order is made absolute, and the sale made on the 17th of June, 1882, is confirmed.

"It is therefore by the court here ordered, that the motion of said J. M. Baker, plaintiff, to confirm the sale of June 17, 1882, be and the same is hereby overruled and denied, and the said motions of said John Hall be and the same are hereby sustained, and that the sale made by the sheriff of Neosho county, Kansas, herein, on the 17th day of June, 1882, to J. M. Baker, plaintiff, be and the same is hereby set aside and the said J. M. Baker, plaintiff, pay the costs that have accrued herein since said sale of September 24, 1881, taxed at $———.

"It is further ordered, that the conditional order made herein on the 1st day of February, 1882, setting aside conditionally said sale of September 24, 1881, be vacated and held for naught; and upon production of the order of sale issued pursuant to the judgment herein on the 8th day of August, 1881, with the return of John Berry, sheriff of Neosho county, Kansas, indorsed thereon, showing a sale of the property decreed to be sold in this action and heretofore described, to John Hall, on the 24th day of September, 1881; and the court having carefully examined said order of sale and the return of said John Berry, sheriff, indorsed thereon, and all the proceedings of said sheriff in making said sale; and the court being satisfied that said sale has in all respects been made in conformity to the laws of the state of Kansas; it is therefore ordered that said sale be and the same is hereby confirmed; and it is further ordered that the clerk of this court make an entry on the journal of the court that the court is satisfied of the legality of said sale; and it is further ordered that the sheriff of Neosho county, Kansas, execute and deliver to said John Hall, the purchaser at said sale, a deed for the lands and tenements so sold, to wit, the south half of the northeast quarter and the east half of the southeast quarter of section No. fourteen (14), in township No. thirty (30), south, of range No. seventeen (17), east, in Neosho county, Kansas.

The record does not show why the order was antedated as it was, so as to make it read as though it was made on August 8, 1882, instead of on August 10, 1882, as it in fact was. This order was made at an adjourned term of the court which convened on August 8, 1882, and adjourned *sine die* on August 10, 1882. At the time this order was made, neither the plaintiff nor either of the defendants, nor any one representing any one of them, was present. On August 12, 1882, and within three days after the order was made, Stillwell, as attorney for defendant Whitman, went before the judge of the district court of that district, at chambers, and on behalf of the defendant Whitman, without any notice to Hall, applied for an order extending the time to make a case for the supreme court. Stillwell also, at the same time, presented a letter from Kimball, the attorney for the plaintiff Baker, with reference to the same subject. The judge then made the following order:

"Now, on this 12th day of August, 1882, before me, H. W. Talcott, judge of the seventh judicial district, state of Kansas, at chambers, Iola, Allen county, Kansas, comes the plaintiff, J. M. Baker, by C. H. Kimball, his attorney, and also comes the defendant, J. W. Whitman, by L. Stillwell, his attorney; and, at the request of said Baker and Whitman, and for good cause shown, it is ordered by me that the time allowed by law to said Baker and Whitman to each make and serve a case for the supreme court of Kansas, of the proceedings had in this action, be and the same hereby is extended to and including the 12th day of September, 1882. And it is further ordered, that the time allowed by law for all parties having adverse rights herein to said Baker and Whitman (including John Hall, the purchaser at the first sheriff's sale herein), to suggest amendments to said case-made, be and the same is hereby extended for the period of ten days after said September 12, 1882, and the time for settling said case-made is hereby extended for the period of ten days after said last-named period of time; said case-made to be settled upon at least five days' notice.

"Given under my hand, at chambers, Iola, Allen county, Kansas, this August 12, 1882.

H. W. Talcott, *Judge.*"

Afterward, a case for the supreme court was properly made, served, settled, signed, attested, filed, and authenticated. The order of the judge of the court settling the case is as follows:

"And now, on the 28th day of September, 1882, at three o'clock and fifteen minutes after, in the afternoon of said day, before me, H. W. Talcott, judge of the seventh judicial district court, State of Kansas, at Fredonia, Wilson county, Kansas, came the plaintiff, J. M. Baker, by C. H. Kimball, his attorney, and likewise at the same time and place comes the defendant, John W. Whitman, by L. Stillwell, his attorney, and said Baker and Whitman present for settlement and allowance their case-made in the said cause of J. M. Baker v. John W. Whitman, Elizabeth Whitman and John A. Bowman. Said Baker and Whitman, by their respective attorneys as aforesaid, also presented to me the amendments of said case-made suggested by John Hall, the purchaser at the first sheriff's sale herein, which amendments were served on L. Stillwell, the aforesaid attorney for John W. Whitman, on Monday, September 25, 1882; and I finding and being satisfied that said case-made was properly, and within the time fixed by the order of the undersigned judge, served on John Hall, the purchaser at the first sheriff's sale in this case, for the suggestion of amendments; and I further finding and being satisfied that said John Hall was duly notified in accordance with the order of said judge, that said case-made would be presented to me for settlement and allowance on the 28th day of September, 1882, at 2 (two) o'clock P. M., at Fredonia, Kansas, I do thereupon proceed to examine said case-made and the aforesaid suggestions of amendments thereto. Where said amendments are true, I have allowed them, and caused them to be inserted in this case-made; and where they are not true, I have not allowed them. And I certify that the above and foregoing case-made contains a true and full statement of all the proceedings had in said cause; that said case-made contains all the evidence introduced upon each and all of the several motions therein set forth; and that said case-made is a full, complete and true case-made in said cause, and is signed and allowed by me as such, on this 29th day of September, 1882, at Fredonia, Wilson county, Kansas. And I further certify, that on this September 28, 1882, at 2 o'clock P. M., came before me John Hall, the aforesaid purchaser at the first sheriff's sale (ac-

companied by C. F. Hutchings, one of his counsel), at said city of Fredonia, where I was engaged in holding a regular term of the district court in and for said county; and said Hall and Hutchings stated, in substance, that they appeared to participate in settlement of the case-made in this cause, according to the notice served on Mr. Hall. Said C. H. Kimball and L. Stillwell, attorneys for Baker and John W. Whitman, respectively, had not yet arrived; whereupon I exhibited to said Hall and Hutchings, and they read the same, a postal card I had previously received from said C. H. Kimball by mail, which card was in the following words:

"'DEAR SIR: Your card received. I will be there on arrival of train on 28th inst., to present case in Baker v. Whitman, for settlement.
Yours respectfully,      C. H. KIMBALL.

PARSONS, Sept. 26, 1882.
[Addressed:]   HON. H. W. TALCOTT, Fredonia, Kas.'

"Only one regular passenger train arrives per day from points east of Fredonia, and that is due at Fredonia at 3:10 P. M. A freight train from points east of Fredonia, which carries passengers who desire to ride thereon, arrives at about 1 o'clock P. M. each day. Said Hutchings and Hall waited at the court house where I was engaged in the dispatch of such business as could be submitted to the court without the consideration of a jury. The jury, when Messrs. Hutchings and Hall appeared as aforesaid, and at 2 o'clock of said day, were in their room deliberating upon a case a short time before that hour submitted to them, and there was at or very near that hour a considerable time intervening which might have been occupied in settling said case-made, had the attorneys Kimball and Stillwell been present; but the court, however, did not adjourn for the day that afternoon until about 6 o'clock P. M. Soon after 3 o'clock P. M., and before any appearance by the plaintiff or defendant, or either of their attorneys, Messrs. Hutchings and Hall informed me that they would wait no longer, inasmuch as they were compelled to be at Osage Mission, in an adjoining county, which city is about fifty miles distant, the next day, and they came with a carriage and horses or team, and that the appearance was so indicative of a storm which would make the Verdigris river, over which they were compelled to cross, impassable, they felt compelled to hasten and not wait longer. They informed me they strenuously objected to my signing the case-made, should Kimball and Stillwell appear on the ground; that the time fixed for the settlement of the case by notice had elapsed, and that Stillwell and Kimball were in default

and had made no appearance, and that they were not required to wait longer. I did not say nor indicate to them whether I would take any action in the matter, or whether I would not; and they said to me that if I did conclude to act in the matter and settle the case, they requested that my certificate thereto should state fully all the facts concerning their appearance and the non-appearance of the opposite parties. They made no further appearance, and left the court room a few minutes after 3 o'clock P. M., and I have not seen them since. Within a few minutes after the departure of said Hall and Hutchings, the said Kimball and Stillwell entered the court room, informing me they had just arrived on the passenger train, and informed me that they were present to get the case-made in this case signed and allowed. I proceeded to examine said case-made and the suggestions of amendments on said 28th day of September, 1882, at Fredonia, Wilson county, Kansas, as soon as I could leave the bench where I was holding court; and not being able to conclude the examination of said case-made and suggestions of amendments on the 28th day of September, I continued the examination of said case-made and the suggestions of amendments on the succeeding day, September 29, 1882, at the aforesaid place; and having on the day last aforesaid concluded the aforesaid examination, I do, on this September 29, 1882, at Fredonia, Wilson county, Kansas, sign, settle and allow the same as a true and complete case-made.     H. W. TALCOTT, *Judge.*

Attest:     M. W. ADAIR,
(Seal.)          *Clerk District Court.*

[Indorsed:] 2770.— J. M. Baker *v.* John W. Whitman, *et al.*— Case-made; filed Oct. 2, 1882.— M. W. ADAIR, *Clerk Dist. Court.*"

The clerk of the district court also attached the following certificate to the case-made, to wit:

"THE STATE OF KANSAS, NEOSHO COUNTY, ss.—*In the District Court of Neosho County, Kansas.*—J. M. Baker, Plaintiff, *v.* John W. Whitman, Elizabeth Whitman and John A. Bowman, Defendants.—I, M. W. Adair, clerk of the district court of Neosho county, Kansas, do hereby certify that the case-made hereto attached in the above-entitled action, filed in my office October 2, 1882, contains true, full and correct copies of the following-named papers and proceedings in said action: the petition of the plaintiff, the summons issued in said action with the return of the sheriff thereon, the judg-

ment of the court in said action, all the various orders of sale issued in said action with the returns of the sheriff thereon, all the motions filed in said action to set aside or confirm any sheriff's sale made in said action (except the motion of defendant John W. Whitman, which is missing from the files), all the affidavits filed in support of or in opposition to any motion to confirm or set aside any sheriff's sale (except the affidavit of defendant John W. Whitman, which is missing from the files), all orders made by the court setting aside or confirming any sheriff's sale in said action, and the order of the judge of said court at chambers extending the time to make a case in said action.

"And I further certify that said case-made contains a true, full and correct transcript from the record of all the matters of record in said case in this, and as follows:

"It contains a true copy of the petition, the summons thereon, the judgment of the court, all orders of sale with the returns of the sheriff thereon, all motions filed in said cause except the motion of defendant John W. Whitman, which is missing from the files, and all orders in said cause, of the court and of the judge, made and entered of record in my office, save and except the said motion of Whitman and affidavit thereto attached. I certify that said case-made contains a full and true transcript from the records of every paper filed in said cause, and of all the judgments and orders of the court made and entered of record in said cause.

"Witness my hand and the seal of the district court of Neosho county, Kansas, at my office in Erie, Kansas, this 25th day of November, 1882.

(Seal.)        M. W. ADAIR, *Clerk Dist. Court.*"

The case-made, with the petition in error and certificates, was filed in the supreme court on December 1, 1882.

Hall, who is defendant in error in this court, moves to dismiss the petition in error and case-made from this court, on the grounds, first, that the case was not made for the supreme court within three days after the order was made, and that Baker and the Whitmans did not within that time ask for any extension of the time within which to make a case for the supreme court; second, that no notice was given to Hall that Baker and the Whitmans intended to ask leave of the judge of the trial court for an extension of the time within

which to make a case for the supreme court; third, that the case was not presented to the judge of the trial court for settlement at the hour at which notice was given that the case would be so presented, and the case was settled and signed in the absence of Hall and of his attorneys.

The motion will be overruled. Proper application was made for an extension of the time within which to make a case for the supreme court, and the time was properly extended, and the case was properly made, served, settled, signed, attested, filed, and authenticated, as heretofore stated. Besides, according to the certificate of the clerk of the court below, the case-made contains a full transcript of all the papers and proceedings constituting the record of the case in the court below. The order of the court below, made on August 10, 1882, but entered as of August 8, 1882, setting aside the sale of June 17, 1882, and also setting aside the order of the court made on February 1, 1882, and confirming the sale made to Hall on September 24, 1881, must be reversed. We think the sale made on June 17, 1882, should be confirmed. At least this should be so, unless other facts are hereafter shown which have not up to this time been shown in the case. It is probable, however, that in justice to the Whitmans and in justice to Hall, no interest or costs accruing on the judgment of the plaintiff Baker from the time the second sale was set aside, on April 5, 1882, up to the time when the plaintiff filed his motion to confirm the third sale, on July 13, 1882, should be allowed; for it seems that it was the fault of the plaintiff's counsel that prevented the second sale from being regular, and thereby prevented it from being confirmed; and it would seem that this was done for the purpose that the judgment, with interest and costs, should so increase in amount that it would take the entire amount bid for the land to pay the judgment and costs, and leave nothing to go to Hall, the party holding the equity of redemption. We think the said order made by the court on

1. Case-made; valid order extending time.

2. Valid case-made.

August 10, 1882, dated August 8, 1882, ought to be reversed, for the reason, among others, that it was made in the absence of the Whitmans, and without any notice to them. Of course, where no motion is pending to set aside a sale for matters not appearing on the face of the papers and proceedings in the case, the sale may be confirmed or set aside upon the papers and proceedings already in the case, without either the plaintiff or the defendant being present, and without any formal motion being made by any person, and without notice to any person; for all the parties are bound to take notice of all papers and proceedings which are already of record in the case, and if an error is committed on the papers and proceedings already of record in the case, such error can easily be corrected; but no sale can ever be properly set aside for irregularities not appearing upon the face of the papers and proceedings already of record in the case, or upon grounds which require evidence, outside of the papers and proceedings which are already of record in the case, to be introduced, unless a proper motion is made and proper notice given to all persons interested in the sale. (Freeman on Executions, § 306; *Sears v. Low,* 8 Ill. 281; *Cline v. Green,* 1 Blackf. 52; *State Bank v. Marsh,* 7 Ark. 390; *Parks v. Person,* 1 S. & M. Ch. 76; *Wright v. Leclaire,* 3 Iowa, 221, 241; *Lyster v. Brewer,* 13 Iowa, 461; *Clamorgan v. O'Fallon,* 10 Mo. 112; *Toler v. Ayres,* 1 Tex. 398; *Bentley v. Cummins,* 8 Ark. 490.)

As to setting aside a sheriff's sale for gross inadequacy of price, see *Dewey v. Linscott,* 20 Kas. 685; Rorer on Judicial Sales, §§ 549, *et seq.,* and 1086, *et seq.;* Freeman on Executions, § 309. In the present case, the first sale was for a grossly inadequate price — for only $70, when the land was worth at least $1,550 — and it would be an outrage upon justice to permit such a sale to stand. We think the court below, exercising a sound judicial discretion, properly and rightfully set aside said sale for such gross inadequacy of price and for other irregularities. This was done on February 1, 1882, and we

*3. Order without notice, erroneous.*

think the order setting the sale aside should be allowed to remain in force.   The court also, at the same time, very wisely required the plaintiff to make a bid on the land for what the land was reasonably worth, to wit, $1,550; but as the plaintiff's counsel afterward attempted to commit a wrong upon the purchaser and upon the defendants by changing the notice of sale so that the second sale, and the one at which the plaintiff was required to bid $1,550 upon the land, should be illegal and should be set aside, and thereby cause an amount of costs and interest to accrue upon the judgment to the extent that the judgment and costs might take the whole of the $1,550 to satisfy the judgment, and thereby defeat the order of February 1 in spirit if not in terms, we think it would be fair for the court not to permit such wrongful acts of plaintiff's counsel in any manner to prejudice the rights of either Hall or the Whitmans.

We would also here say that the order of the court, made August 10, 1882, dated August 8, 1882, was not only made in the absence of the Whitmans, and without notice to them, but the finding that Whitman acted in collusion with plaintiff's counsel, in violating the order of the court of February 1, 1882, and delaying proceedings as aforesaid, is not sustained by the evidence.   We do not think that the evidence shows that any person connected with the case acted in collusion with the plaintiff's counsel in doing any of these things, or participated to any extent in the wrong.   It would seem to be such counsel's own individual act, in connection with other persons having no connection with this case.   It is to be hoped, however, that he may yet show that not even he participated in the wrong.

From the charges made in the briefs of counsel against adverse counsel, it would seem that the standard of professional ethics among themselves cannot be very high.   This must to some extent be the case, whether the charges made by counsel against each other are true or false.   If the charges are true, then it is certainly the case; but if they are not true, then counsel have been too fast in making charges.   It is

hoped, however, that the condition of affairs in that locality is not as bad as the briefs of counsel would seem to indicate.

The order of the court below, made August 10, 1882, and entered of record as of August 8, 1882, will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.