The American Insurance Company *v.* Gallahan.

No. 8003.

THE AMERICAN INSURANCE COMPANY *v.* GALLAHAN.

PROMISSORY NOTE.—*Insurance Policy.—Charter.—Premium Note Payable in Instalments.—Demand of Instalments not Due.—Complaint.—Averments Struck Out.*—In an action by an insurance company upon a premium note, absolute on its face, payable in annual instalments, seeking to recover for all instalments for a failure to pay the first, by a reference to the policy and a provision in the charter, it is not error to sustain the defendant's motion to strike out of the complaint all averments seeking to show that all the instalments of the note subsequent to the first had matured upon failure to pay it for more than thirty days after notice.

SAME.—*Consideration.—Policy and Charter not Made Parts of Note.*—The statement in such note, that its consideration was a policy of insurance, did not change its legal effect, nor make such policy a part of the note, much less the charter.

SAME.—*Written Agreement.—Verbal Understanding.*—A written agreement can not be controlled by a contemporaneous verbal understanding of the parties inconsistent with it.

SAME.—In such case, the agreement that the rights of the parties were to be determined, not by the note itself, but by the plaintiff's charter, was a verbal agreement that varied the terms of the note, and, therefore, inoperative.

PRACTICE.—*Bill of Exceptions.—"Evidence Offered."—Evidence Given.*—A bill of exceptions which purports to contain the evidence in a cause, but concludes, "This was the evidence offered in the cause," is not sufficient. The Supreme Court can not know from the bill that the "evidence offered" was admitted and given.

From the Gibson Circuit Court.

*R. M. J. Miller*, for appellant.
*J. E. McCullough* and *L. C. Embree*, for appellee.

BEST, C.—The appellant sued the appellee in a complaint of two paragraphs. In the first it was alleged, in substance, that the appellee, on the 26th day of May, 1876, by his note, a copy of which was filed, promised to pay appellant twelve and $\frac{50}{100}$ dollars on the 1st days of May, 1877, 1878, 1879 and 1880; that said note was executed in consideration of a policy of insurance, issued by the appellant to the appellee; that the policy made the charter of the appellant a part of it, and that the charter provided that, in case any in-

stalment of any note shall remain due and unpaid for more than thirty days after notice forwarded to the maker, as provided by such charter, then the entire note shall become due and payable ; that said note was made with the understanding and agreement that the policy and charter should constitute a part of the contract between the parties, and that the obligations of the parties in relation to said note were to be determined by reference to the policy and charter ; that, after the first instalment had matured, notice had been given more than thirty days, etc. ; whereby the whole note became due and remained unpaid.

In the second it was averred, substantially, that said note was made in Illinois ; that it was made for a policy of insurance issued by the appellant there, and that, by a statute of that State, it was provided that if the maker should fail to pay any instalment of any note, given for a policy of insurance, issued by the appellant, for more than thirty days after notice of its maturity, the whole note should become due ; that the appellee had failed to pay the first instalment, and notice thereof had been given thereafter for more than thirty days before the commencement of the suit.

Upon the appellee's motion, the court struck from the first paragraph all that portion after the figures "1880," and before the averment "that, after the first instalment had matured, notice had been given," etc., and that the whole note was due and unpaid, thereby striking from the paragraph all averments seeking to show that all the instalments of the note subsequent to the first had matured. This ruling the appellant reserved. Issues were formed, submitted to the court for trial, and a finding made for $13.30.

The appellant moved for a new trial, because the finding was contrary to law, was not sustained by sufficient evidence, and the amount of the recovery was too small. This motion was overruled, an exception taken, and judgment entered upon the finding. From this judgment the appel-

lant appeals, and assigns as error the order of the court in striking out a portion of the first paragraph of the complaint, and in overruling the motion for a new trial.

We are of opinion that the court did not err in striking out the portion of the first paragraph of the complaint of which appellant complains.

The note, upon its face, was absolute and unconditional. It contained a promise to pay the sum of twelve and $\frac{50}{100}$ dollars, at stated times, and there was nothing in it to indicate that such sums were to be paid at any other time or upon any contingency. The statement in it, that its consideration was a policy of insurance, did not change its legal effect, nor make such policy a part of the note. Without it, the law would presume a consideration, and with it the actual consideration was shown—that, and nothing more. Nor did the agreement and the understanding of the parties that the policy should constitute a part of the contract, and that the rights of the parties should be determined by a reference to it and the charter, change the terms of the note, or constitute either a part of it. This "agreement and understanding" was in parol, and not in writing, and it is well settled that the terms of a written agreement can not be controlled by a contemporaneous verbal understanding of the parties, inconsistent with it. *Durland* v. *Pitcairn*, 51 Ind. 426.

The note was for the payment of certain sums at specified times, and the agreement, that the rights of the parties to the note were to be determined, not by the note itself, but by the charter of the appellant, which prescribed that, upon the happening of a certain contingency, all instalments should at once become due, was a verbal agreement that varied the terms of the note, and therefore was inoperative. *McClintic's Adm'r* v. *Cory*, 22 Ind. 170.

The note did not make either the policy or the charter a part of it, and as it was not alleged that the note and policy were made at the same time, so as to constitute one contract,

its terms can not be controlled by either.    To authorize this it was necessary to aver that they were executed under such circumstances as constituted them one contract.    *Allen* v. *Noffsinger*, 13 Ind. 494 ; *Durland* v. *Pitcairn*, 51 Ind. 426.

We can not say that the motion for a new trial was erroneously overruled for the reason that the evidence is not in the record.· The bill of exceptions purporting to contain the evidence concludes with the statement that "This was the evidence offered in the cause," but does not show that anything offered in evidence was admitted, except a receipt and a notice.   The evidence so offered can not be treated as admitted, as has heretofore been decided by this court. *Goodwine* v. *Crane*, 41 Ind. 335.

For these reasons, we think the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be, and it is hereby, in all things affirmed, at the costs of the appellant.