French, Adm'r, *et al. v.* The State, *ex rel.* Manifold.

---

No. 8930.

| 81 | 151 |
| 142 | 441 |

FRENCH, ADM'R, ET AL. *v.* THE STATE, EX REL. MANIFOLD.

SUPREME COURT.— *Weight of Evidence.*—Where there is evidence in the record, which tends to sustain the finding of the trial court on every material point in issue, the Supreme Court will not disturb such finding on the weight of the evidence.

SAME.—*Bill of Exceptions.—Omission of Evidence.*—Although the bill of exceptions concludes with the formula, "this was all the evidence given in the cause," yet if, on the face of the bill, there is an apparent omission of evidence, the Supreme Court will not consider or decide any question which depends, for its proper decision, upon the evidence in the cause.

GUARDIAN AND WARD.—*Bond.—Reports.—Evidence.*—In an action upon a guardian's bond, where the breach assigned is that the guardian had taken the notes of insolvent persons, without security, for the rents of his ward's real estate, the guardian's reports to the court are competent evidence for the purpose of identifying such notes, which were in evidence, as the notes which had been in the possession of the guardian.

From the Henry Circuit Court.

*J. Brown*, for appellants.

HOWK, J.—This was a suit by the appellee's relator against the appellants, upon a guardian's bond. The cause was put at issue and tried by the court; and a finding was made for the relator, assessing his damages in the sum of $314.41. The appellants' motion for a new trial having been overruled, and their exception saved to such ruling, the court rendered judgment against them in the relator's favor, for the damages assessed and costs.

The overruling of their motion for a new trial is the only error assigned by the appellants in this court. Under this supposed error the appellants' counsel has devoted the principal portion of his elaborate brief of this cause to the discussion of the alleged insufficiency of the evidence to sustain the finding of the trial court. If the evidence were properly in the record, we could not determine this point in favor of the appellants; for there is evidence contained in the bill of exceptions tending to sustain the finding of the court on every material point. In such a case this court will not weigh the evidence, nor attempt to determine its preponderance in favor of either party. For this purpose, the learned judge who tried the cause had opportunities and facilities which we, as an appellate court, can not have; and it is for this reason that it has been so often decided that this court would not disturb the finding of the trial court or the verdict of a jury upon the weight of the evidence. *Hayden* v. *Cretcher*, 75 Ind. 108.

Besides, although the bill of exceptions, in this case, concludes with the usual formula, "this was all the evidence given in the cause," yet it affirmatively appears on the face of the bill, that it does not contain all the evidence given in the cause. In such a case this court has uniformly held that it would not decide any question which depended for its proper decision upon the evidence in the cause. *Railsback* v. *Greve*, 58 Ind. 72; *Brownlee* v. *Hare*, 64 Ind. 311; *Hammon* v. *Sexton*, 69 Ind. 37; *Fouty* v. *Morrison*, 73 Ind. 333.

In their motion for a new trial, the appellants assigned as

a cause therefor, that " the court erred in admitting in evidence the report and settlement of Howell B. French." Shepherd Manifold, the relator's guardian, whose bond as such was the bond in suit, died in January, 1875, before the relator became of lawful age; and the appellant Howell B. French was the administrator of said decedent's estate. In 1876, one Thomas Sears was appointed and qualified as the guardian of the relator. Afterwards, in August, 1876, French, as the administrator of the deceased guardian, made a written report to the court, in the matter of such guardianship, to the effect that no money, belonging to the relator, had been received by him; but that he had received certain notes and accounts, particularly describing them, which belonged to the relator, and which he had turned over to Sears, the relator's then guardian. This report appeared to have been approved and confirmed by the court. The bill of exceptions in this case shows that, when the relator offered this report in evidence, the appellants objected to its admission on the ground that it was irrelevant and immaterial; and that the court overruled the objection, and admitted the report in evidence, for the purpose only, as stated by the court, of identifying, as it tended to do, the notes which were in evidence, as the notes which French as such administrator had turned over to Sears, as the relator's guardian. It appears, also, that the final report of Sears, the relator's last guardian, was admitted in evidence by the court, over the same objections of the appellants, for the same limited purpose of identifying the notes in evidence, as being the same notes turned over to Sears by the administrator of the relator's first guardian.

We are of the opinion, that these reports were competent evidence for the limited purpose for which the court admitted them; and it can not be supposed that these reports were used, or had any possible effect for any other purpose than the one for which they were admitted.

As the evidence appears in the record, we can not say that the court erred in assessing the relator's damages; nor could

we say so, even if the damages had been assessed at a much larger sum than they were.

We have found no available error, in the record of this cause, for the reversal of the judgment below.

The judgment is affirmed, with costs.