Collins *et al. v.* Collins.

Filed Jan. 28, 1885.

No. 11,518.

## COLLINS ET AL. *v.* COLLINS.

SUPREME COURT.—*Bill of Exceptions.*—*Apparent Omission of Evidence.*—Although the bill of exceptions concludes with the usual formula, " this was all the evidence given in the case," yet if, on the face of the bill, there is an apparent omission of evidence, the Supreme Court will not consider or decide any question which depends, for its proper decision, upon the evidence in the cause.

From the Delaware Circuit Court.

*J. R. McMahan, T. J. Blount* and *C. B. Templer,* for appellants.

*W. Brotherton, R. S. Gregory* and *A. C. Silverburg,* for appellee.

HOWK, J.—This was a suit by the appellee, Anna V. Collins, against her husband, John Collins, under the provisions of sections 5132 to 5138, R. S. 1881, in force since September 19th, 1881, to obtain provision for the support of herself and her infant daughter in her custody. A large number of persons were made defendants to the suit, upon the ground that they were either indebted to the appellant John Collins, or had his property or money in their possession. The cause was put at issue and tried by the court, and a finding was

Collins *et al. v.* Collins.

made for the appellee, and over a motion for a new trial judgment was rendered accordingly.

The only questions discussed by the appellants' counsel in their argument of this cause are such as arise under the alleged error of the court in overruling their motion for a new trial.   Two points are made by counsel in argument, namely : *First.* That the finding of the court was not sustained by sufficient evidence; and, *Secondly.* That the amount of the allowance to appellee was excessive.   Appellee's counsel make the point, however, that this court can neither consider nor decide these questions, because, they say, that although the bill of exceptions contains the usual statement, "this was all the evidence given in the cause," yet the bill shows upon its face that in fact it does not contain the evidence of all the witnesses who testified on the trial of the cause.   The fact seems to be in full accordance with the statement of appellee's counsel.  In three different instances, and as to three different witnesses, it is stated in the bill of exceptions, as the same appears in the transcript, that the witness " testified as follows," but the evidence of these three witnesses, be it much or little, is not set out in the bill of exceptions or elsewhere in the record of this cause.   Appellee's counsel say in their brief that these three witnesses " did testify in the cause to facts material to the issues ; " that they " testified *in extenso,* and not one word of the testimony of any one of them appears in the record."   This statement is not controverted by the appellants' counsel, but they claim that it is *dehors* the record ; and because the bill of exceptions contains the usual statement " this was all the evidence given in the cause," they further claim that this court must presume that the bill does not contain the evidence of the three witnesses, simply because they gave no evidence.

This claim of appellants' counsel, however, can not be sustained.   This court has uniformly held that, although the bill of exceptions concludes with the statement " this was all the evidence given in the cause," yet, if it affirmatively appear

that the bill does not contain all the evidence, the court will not consider and decide any question which depends for its proper decision upon the evidence. *French* v. *State, ex rel.*, 81 Ind. 151; *Shimer* v. *Butler University*, 87 Ind. 218; *Fellenzer* v. *Van Valzah*, 95 Ind. 128. With the statement in the bill of exceptions as to three different witnesses, that the witness "testified as follows," we can not presume that the witness did *not* testify, and that, for this reason, his testimony was omitted. If the three witnesses did not testify on the trial, the appellants ought to have had their bill of exceptions corrected before they brought their appeal to this court. The only questions they discuss here, and the only causes for which they ask the reversal of the judgment below, depend wholly for their proper decision upon the consideration of all the evidence given in the cause. We can not say from the record that it contains all the evidence, and, therefore, we must decline to consider the questions discussed by appellants' counsel, or to disturb the finding and judgment of the trial court.

The judgment is affirmed, with costs.

Filed Feb. 17, 1885.