Filed March 19, 1887.

---◆---

No. 13,591.

## GARRISON v. THE STATE.

CRIMINAL LAW.—*Bill of Exceptions.*—*Practice.*—*Supreme Court.*—The Supreme Court will not pass upon the evidence, unless the bill of exceptions affirmatively shows that it contains all the evidence given in the trial court, and this requirement is not met by a statement in the bill,

that " this was all of the evidence offered by the plaintiff and the defendant on the trial of this cause."

From the Posey Circuit Court.

*H. C. Pitcher* and *L. M. Wade,* for appellant.

*L. T. Michener,* Attorney General, *P. W. Frey,* Prosecuting Attorney, and *J. H. Gillett,* for the State.

Howk, J.—Upon an indictment duly found and returned in this case, Samuel Garrison was tried by a jury and found guilty of grand larceny as charged, and his punishment was assessed at imprisonment in the State's prison for ten years, a fine of one dollar, and disfranchisement for ten years. Over his motion for a new trial, the court rendered judgment on the verdict.

Error is assigned here by appellant, solely upon the overruling of his motion for a new trial. Appellant's counsel earnestly insist, in argument, that a new trial ought to have been granted for two reasons, namely:

" 1. Because the proof as to the ownership and identity of the property, alleged to have been stolen, is so fatally defective that we feel justified in asking the court to critically examine the evidence, which has deprived the defendant of his liberty for ten years.

" 2. Because a ten years sentence for an offence, barely above the grade of petit larceny, is contrary to the spirit of the Constitution of this State, and is a cruel and unusual punishment."

Whether or not these reasons are well assigned by appellant's counsel, or would either of them authorize or require the reversal of the judgment below, are questions which depend for their proper decision upon " all the evidence given in the cause," on the trial thereof. If it be true, therefore, as counsel for the State claim it is, that the bill of exceptions appearing in the record wholly fails to show, in any manner, that it contains all the evidence given in the cause on the trial thereof, it is very clear that we can neither con-

sider nor decide any of the questions in this case, arising under the alleged error of the court below in overruling appellant's motion for a new trial. This is settled by a long and unbroken line of our decisions. *French* v. *State, ex rel.*, 81 Ind. 151; *Shimer* v. *Butler University*, 87 Ind. 218; *Collins* v. *Collins*, 100 Ind. 266; *Beatty* v. *O'Connor*, 106 Ind. 81.

In the case last cited, the court said: "In order that this court may pass upon the evidence, the record must affirmatively show that it contains all of the evidence given below. Any statement in the bill of exceptions, that will show that fact, will be sufficient."

In the case under consideration, the bill of exceptions contained in the record is, certainly, an anomalous production. It has no caption to indicate that the cause was put upon trial, or how it was tried. The bill concluded as follows: "Here, the defendant rested his cause. And this was all of the evidence offered by the plaintiff and the defendant on the trial of this cause." It will be seen from this conclusion, that the bill of exceptions herein is wholly silent as to the evidence; if any, given in the cause, on the trial thereof. In signing such bill, Judge Parrett merely certifies that all the evidence contained therein was offered, and was all the evidence offered by the plaintiff and the defendant. But Judge Parrett has not certified, so far as the record shows, that all such offered evidence, or any part thereof, or, indeed, any other evidence, was given in . the cause, or was "all the evidence given in the cause," on the trial thereof. In *Fellenzer* v. *Van Valzah*, 95 Ind. 128, it was shown by the bill of exceptions that each of the parties offered certain evidence. In this court, appellee's counsel made the point that the record wholly failed to show " *what* evidence was given in the cause, or that it contains *all* the evidence so given."

Upon this point, the court there said: "But the bill of exceptions fails to show, in any manner, how much, if any, of the testimony or evidence so *offered* by the parties re-

spectively was either admitted or excluded by the court trying the cause; and therefore it is claimed that the record fails to show upon *what* evidence the cause was tried and the finding made. In *Goodwine* v. *Crane,* 41 Ind. 335, it was stated in the bill of exceptions, that 'The following was áll the evidence *offered;*' and this was followed in the record by what purported to be the evidence. It was held, that the evidence was not in the record. Of 'the evidence *offered,*' the court said: 'How much of it was admitted is not shown.'" To the same effect, substantially, upon the point under consideration, are the following cases: *American Ins. Co.* v. *Gallahan,* 75 Ind. 168; *Baltimore, etc., R. R. Co.* v. *Barnum,* 79 Ind. 261; *Beatty* v. *O'Connor, supra.*

Adhering to these decisions, as, we think, we must, it must be held in the case in hand, that the record fails to show that all the evidence given in the cause, on the trial thereof, is properly in the record. In the absence of the evidence, we can not consider the grounds upon which appellant's counsel ask for the reversal of the judgment below. It may be said that the rule of practice, declared in the cases last cited herein and followed in the case now before us, is a technical rule, and possibly it is; but sometimes, as in this case, a technical rule enables us to affirm a judgment, which ought not, in our opinion, to be reversed. *Hinkle* v. *Shelley,* 100 Ind. 88.

No error is apparent in the record of this cause, which requires the reversal of the judgment.

The judgment is affirmed, with costs.

Filed March 16, 1887.