Cowger v. Land.

No. 12,491.

COWGER v. LAND.

SUPREME COURT.— *Verdict.*— *Will not be Disturbed When There is Evidence Sustaining it.*—Where the evidence fairly tends to sustain the verdict on every material point it will not be disturbed on appeal.

SAME.—*Instructions to Jury.*— *Considered Together.*—If the instructions given, when considered together, state the law correctly, as applicable to the issues and evidence, no available objection can be based thereon.

From the White Circuit Court.

W. E. Uhl, A. W. Reynolds and E. B. Sellers, for appellant.
R. Gregory, for appellee.

HOWK, J.—In this case, errors are assigned here by appellant, the plaintiff below, which call in question the overruling (1) of his demurrer to the fourth paragraph of appellee's cross-complaint, (2) of his demurrer to the fifth paragraph of such cross-complaint, and (3) of his motion for a new trial.

In his brief of this cause in this court, appellant's learned counsel has confined his arguments to such questions only as are presented by, or arise under, the alleged error of the court below in overruling appellant's motion for a new trial. In the outset of his brief, counsel says: "The case involves two suits in one—that of appellant against appellee on the complaint, and (2) that of appellee against appellant on the cross-complaint; and the issues joined in one case were very different from those in the other. Practically, the whole action was a success and a failure to both parties. For, while the verdict was in favor of appellee on the complaint, it was in effect for the appellant on the cross-complaint, and vice versa. But appellee has assigned no cross errors, and there is but one of the cases on appeal—that of appellant against appellee on the complaint and issue joined thereon, and I shall consider the evidence only with reference to its bearing on that branch of the case."

This is the view of appellant, as presented by his counsel, in relation to what is "on appeal" in this case. In this view, he is probably mistaken in regard to the extent of his appeal. The whole case and all the issues joined therein, as well on the cross-complaint as on his complaint, are brought before this court by his appeal herein. Of course, we consider such questions only as are presented by, or arise under, the errors assigned here by the appellant; but, in the decision of these questions, we explore the entire record, if necessary, in order to arrive at a right conclusion. Appellant may limit the questions to be considered here, by his assignment of errors, and he may, and under our practice will, waive the consideration and decision here of any question which he has failed to discuss in his brief of the cause. In the case in hand, appellant has wholly failed to notice even, in his brief herein, the errors assigned by him upon the overruling of his demurrers to the fourth and fifth paragraphs of appellee's cross-complaint; and, therefore, it must be held that he has practically waived such errors.

Appellant sued appellee in this action upon an open account for medical services rendered, and medicines furnished, by appellant to the wife of appellee at his special instance and request.

Appellee answered in three paragraphs, as follows: 1. A general denial of the complaint; 2. Payment; and 3. A set-off. Appellee also filed a cross-complaint in two paragraphs, numbered respectively 4th and 5th. In such fourth paragraph, appellee alleged that, on December 4th, 1882, appellant was a practicing physician and surgeon of White county, and as such he was called by appellee to attend Judith Land, appellee's wife, who was then sick, and was then and on divers days after that day, and before the filing of such paragraph, requested by appellee to administer the proper medicines and treatment for the cure of appellee's wife, Judith Land; that appellant, on the days aforesaid, as such physician and surgeon, undertook to administer medi-

cines to and treat Judith Land, appellee's wife; that appellant so negligently, unskilfully and unprofessionally managed and treated Judith Land that, by reason thereof, she became mortally sick in body, and, in great pain, lingered for, to wit, one year, and finally died; that, by reason of her treatment by appellant as aforesaid, appellee was put to the expense of, to wit, $1,000 in employing skilled physicians to cure her and nurses to take 'care of her; that by appellant's aforesaid acts, appellee was deprived, during all such sickness of his wife, of her society and services, and of all the benefit, pleasure and advantages which he otherwise would have enjoyed from her services and society; and that the services and medicines sued for herein by appellant were the same rendered and given by him under his employment as aforesaid. Wherefore .appellee demanded judgment for $5,000, etc.

The fifth paragraph of cross-complaint differed from such fourth paragraph chiefly in that it was alleged therein that appellant undertook to treat appellee's wife, Judith Land, under his special contract to cure her for hire; that appellant did not cure appellee's wife; and that his treatment of her was so unskilful that he in fact killed her. Damages were claimed by appellee in the sum of $5,000, of which sum he offered to set off against appellant's claim herein an amount equal thereto, and demanded judgment for the residue, etc.

Appellant replied by general denial to the second and third paragraphs of answer, and he answered by a general denial of the cross-complaint herein. The issues joined were tried by a jury, and a verdict was returned for appellee, the defendant below; and, over appellant's motion for a new trial, the court adjudged that he take nothing by his suit, and that appellee recover his costs herein expended.

As appellant's counsel in his brief of this cause, as we have already seen, determined to " consider the evidence only with reference to its bearing " on the case of " appellant against

appellee on the complaint and issue joined thereon," which he claims to be the only "one of the cases on appeal," he had but little difficulty, of course, in finding, as he does, that "appellant was clearly entitled by the proof to a verdict for $266.50, and this conclusion is reached without any conflict in the evidence."

When the question of the sufficiency of the evidence to sustain the verdict is presented for our decision, we can not say, as appellant's counsel has said in his brief of this cause, that we will "consider only" the evidence offered by the one or the other party, or with reference to its bearing on certain issues, to the exclusion of the other issues in the cause. In the decision of this question we are required to consider all the evidence given in the cause, and its bearing on all the issues in the cause. Indeed, it has long been held by this court, that such question will neither be considered nor decided here unless it be affirmatively shown by the record that it contains all the evidence given in the cause. This rule is extended so far by our decisions that, even if the bill of exceptions containing the evidence concludes with the usual formula, "this was all the evidence given in the cause," yet, if it affirmatively appear that the bill does not contain all the evidence, this court will not consider and decide any question which depends for its proper decision upon the evidence. *French* v. *State, ex rel.*, 81 Ind. 151; *Fellenzer* v. *Van Valzah*, 95 Ind. 128; *Collins* v. *Collins*, 100 Ind. 266.

It will not do to say, as has been said in argument on behalf of appellant, that his case is the only case pending on appeal herein, and that the defendant's case is not before this court because appellee has assigned no cross errors." Why should appellee assign cross errors? The rulings of the trial court and the verdict of the jury were all in appellee's favor, and, so far as the record shows, he had no complaint to make "on appeal."

Appellant's counsel was probably mistaken when he said "the whole action was * * * * a failure to both parties;"

Cowger *v.* Land.

for it can hardly be said that it was a failure to appellee. True, he did not recover all the damages he demanded either in his counter-claim or second set-off; but, manifestly, the jury found enough damages in his favor to offset and completely extinguish appellant's demand against him herein, and that, perhaps, was all that he expected to recover on such counter-claim and set-off.

Upon the evidence in the record, we can not say that the verdict of the jury was not sustained thereby. Certainly, there is evidence in the record which fairly tends to sustain the verdict on every material point, and this, under our decisions, is sufficient.

Appellant's counsel also complains, very earnestly and at considerable length, of some of the court's instructions to the jury trying the cause. Counsel's objections to these instructions, however, chiefly apply to the omissions therein, rather than to the contents thereof; and most of such objections could, and no doubt would, have been obviated if appellant had asked for other and further instructions on the same subject.

We have carefully examined and considered all of the instructions in this case, and, without setting them out or commenting thereon, we may say generally that, taken and construed together, and with reference to each other, as they must be under our decisions, these instructions contain a fair and correct statement of the law, applicable alike to all the issues and all the evidence given in the cause.

We have found no error in the record.

The judgment is affirmed, with costs.

Filed May 12, 1887; petition for a rehearing overruled Dec. 30, 1887.