Lyon et al. v. Davis et al.

Filed June 24, 1887.

No. 12,632.

LYON ET AL. v. DAVIS ET AL.

BILL OF EXCEPTIONS.—*Statement that Evidence was "Offered" not Equivalent of "Introduced."*—A statement in a bill of exceptions that the parties "offered the following evidence" is not the equivalent of a statement that the evidence was introduced or admitted.

SAME.—*Must Show that it Contains all Evidence Adduced.*—A bill of exceptions which shows on its face that it does not include all the evidence adduced and the agreements of the parties entered into at the trial, is substantially defective.

SAME.—*Long-Hand Manuscript.—Certificate of Judge.*—It is for the judge, and for him alone, to certify that the evidence set out in the long-hand manuscript is all the evidence given in the cause.

INSTRUCTIONS TO JURY.—*Applicability to Evidence.—Practice.*—Where the evidence is not properly in the record, no available question can be predicated upon the giving or the refusal to give instructions, the correctness of which depends upon the facts.

From the Vigo Superior Court.

*C. F. McNutt, J. G. McNutt* and *P. H. Blue*, for appellants.

*S. C. Davis, S. B. Davis, J. T. Hays* and *H. J. Hays*, for appellees.

NIBLACK, J.—This was an action by John Davis and Benjamin Davis, partners, doing business under the firm name of John Davis & Sons, against John B. Lyon and Thomas B. Rice, partners in business in the name of Lyon & Co., upon an account for goods, wares and merchandise alleged to have been sold and delivered to the defendants.

The action was commenced in the Sullivan Circuit Court,

but the venue was changed to the superior court of Vigo county, where the cause was tried.

The plaintiffs obtained a verdict, and, over a motion for a new trial, a judgment for $438.35.

The only claim made for a reversal of the judgment is based upon the alleged insufficiency of the evidence to sustain the verdict, and the respective giving, and refusal to give, certain instructions.

The point is made that the bill of exceptions, purporting to contain the evidence, is not only informal, but is substantially defective, and that, for that reason, the evidence is, in legal contemplation, not in the record.

There is copied into the record what is assumed to be an original long-hand manuscript of the evidence as taken at the trial and as written out by an official reporter. This manuscript, after giving the title of the cause, proceeds: "Be it remembered that upon the trial of this cause the plaintiffs, to sustain the issue on their part, *offered* the following evidence."

Then follows the examination and cross-examination of a considerable number of witnesses, interspersed with documentary evidence, connected with which several blank spaces remain unfilled.

After the plaintiffs seemingly conclude, the manuscript continues: "The defendants, to sustain the issue upon their part, *offered* the following evidence," proceeding thence to give the examination and cross-examination of several witnesses, and to set out certain documentary evidence. The manuscript closes with the statement made by the official reporter, "And this was all the evidence given in the cause." This is followed by a certificate from the official reporter that the manuscript contains a true and complete report of the evidence in the cause as taken in short-hand and afterwards written out by her.

Then comes the certificate of the judge who tried the cause,

in these words: "And the defendants now, within the term and the time allowed, present this, their bill of exceptions, which is now signed and sealed by the court, and ordered to be made a part of the record. Witness my hand and seal this, the 24th day of November, 1884."

The bill of exceptions, to which the certificate of the judge was so attached, is informal: *First.* Because the caption and introductory part were made by the official reporter, and entered upon the long-hand manuscript instead of comprising a portion of the judge's statement independently of, and prefatory to, the inclusion of such long-hand manuscript. *Secondly.* Because the statement in the long-hand manuscript that the parties respectively "offered the following evidence," is not the equivalent of an assertion that the evidence was either introduced or admitted. *Fellenzer* v. *Van Valzah*, 95 Ind. 128; *Garrison* v. *State*, 110 Ind. 145; *Central Union Telephone Co.* v. *State, ex rel.*, 110 Ind. 203.

The bill of exceptions is also substantially defective: *First.* Because it shows on its face that it does not include all the evidence adduced, and the agreements of the parties entered into, at the trial. *Collins* v. *Collins*, 100 Ind. 266; *Thames Loan, etc., Co.* v. *Beville*, 100 Ind. 309; *Beatty* v. *O'Connor*, 106 Ind. 81.

*Secondly.* Because the judge did not certify that the evidence set out in the long-hand manuscript contains all the evidence given in the cause. *Marshall* v. *State, ex rel.*, 107 Ind. 173; *Wagoner* v. *Wilson*, 108 Ind. 210.

It is the certificate or signature of the judge which gives verity to the matters contained in a bill of exceptions, and it is upon him, and upon him alone, that this court must rely for the assurance that the bill of exceptions contains all the evidence given at the trial. It follows that the evidence in this case is not properly before us, and that we are, hence, unable to consider any question arising out of or resting upon the evidence.

The principal objection urged to certain instructions which

were given, is that they were not applicable to the evidence, and, in support of the instructions which the court refused to give, it is claimed that they were especially appropriate to the facts disclosed by the evidence. In the absence of the evidence, therefore, no available question arises upon any of the instructions, whether given or refused. *Blizzard* v. *Bross,* 56 Ind. 74; *Higbee* v. *Moore,* 66 Ind. 263 ; *Stout* v. *Turner,* 102 Ind. 418.

The judgment is affirmed, with costs.

Filed June 28, 1887.