Filed Oct. 12, 1888.

---

No. 14,507.

## SAXON v. THE STATE.

SUPREME COURT.—*Practice.*—*Record.*—*Bill of Exceptions.*—*Evidence.*—Where the record on its face affirmatively shows that all the evidence given on the trial is not contained therein, the Supreme Court will not consider any question growing out of the evidence, although the bill of exceptions concludes with the statement that "this was all the evidence given in the cause."

SAME.—*Omitted Evidence.*—The Supreme Court has no power to make omitted evidence a part of a bill of exceptions or of the record.

From the Blackford Circuit Court.

*J. A. Bonham, A. E. Steele* and *J. A. Kersey*, for appellant.

*S. W. Cantwell*, Prosecuting Attorney, for the State.

HOWK, J.—Appellant, Saxon, was prosecuted in this case for an unlawful sale of intoxicating liquor in a less quantity than a quart at a time. Upon his arraignment and plea of not guilty, the issues joined were tried by a jury, and a verdict was returned finding him guilty as charged, and assessing

his punishment at a fine in the sum of twenty dollars. Over his motion for a new trial, judgment was rendered on the verdict.

The only error complained of here by the appellant is predicated upon the overruling of his motion for a new trial. In such motion the causes assigned for such new trial were, that the verdict of the jury was not sustained by the evidence, and that it was contrary to law. It is manifest from these causes for a new trial that appellant asks for the reversal of the judgment herein solely on the ground that the verdict of the jury was not sustained by sufficient legal evidence. The question presented by the error complained of, therefore, is one which depends for its proper decision upon all the evidence given on the trial of the. cause. If, therefore, it affirmatively appears that all the evidence given on the trial of this cause is not in the record now before us, it is settled by many decisions of this court that the question presented here will not be considered and decided. *French* v. *State, ex rel.*, 81 Ind. 151; *Shimer* v. *Butler University*, 87 Ind. 218; *Fellenzer* v. *Van Valzah*, 95 Ind. 128; *Collins* v. *Collins*, 100 Ind. 266; *Beatty* v. *O'Connor*, 106 Ind. 81; *Garrison* v. *State*, 110 Ind. 145; *Cowger* v. *Land*, 112 Ind. 263.

This is so even where the bill of exceptions, which purports to contain the evidence, concludes with the usual statement that "this was all the evidence given in the cause," if, as in the case under consideration, the bill elsewhere discloses the fact that evidence, which is not included in such bill, was offered and admitted on the trial of the cause. In this case the bill of exceptions shows on its face that it does not contain all the evidence given in the cause. If the omitted evidence might have been made a part of the bill by referring thereto, and designating its appropriate place by the words "here insert," under the provisions of section 626, R. S. 1881 (a question we do not decide), such bill does not contain the words "here insert."

The omitted evidence could only be made a part of the

bill of exceptions, if at all, by the trial court. It is certain that this court has no power to make such omitted evidence a part of the bill of exceptions or of the record on this appeal. For this reason, appellant's motion for an order requiring the clerk of the court below to insert such omitted evidence in the record of this cause must be and is overruled.

We can not say from the record now before us that the court below erred in overruling appellant's motion for a new trial herein, and, therefore, we must hold that no such error was committed.

The judgment is affirmed, with costs.

Filed Oct. 12, 1888.