## RICHARD PAPPE v. AMERICAN FIRE INSURANCE CO.

(Filed Feb. 11, 1899.)

1. CASE-MADE—*Extension of Time to Make and Serve.* A trial court or judge has the right to extend the time for making and serving a case-made, on application of the party appealing, for good cause shown, without any notice to the adverse party; and the finding by the court or judge that good cause has been shown is a finding of fact, which will not be reviewed on appeal.

2. APPEAL—*Evidence Not Reviewed, When.* Evidence will not be reviewed on appeal, unless the case-made or bill of exceptions contains all of the evidence pertaining to the subject about which it is alleged that error has been committed; and when the case-made contains a statement that all of the evidence introduced upon the trial is contained therein, but the record itself shows upon its face that it does not, and that material written instruments were omitted

—7

therefrom, the record is the best evidence, and will prevail over such statement.

(Syllabus by the Court.)

*Appeal from the District Court of Kingfisher County; before Jno. L. McAtee, District Judge.*

*James A. Morris,* for appellant.

*Boynton & Smith,* and *Leake, Henry & Reaves,* for appellee.

Action by Richard Pappe against the American Fire Insurance Company. Judgment for defendant. Plaintiff appeals. Affirmed.

Opinion of the court by

BURWELL, J.: I. Judgment was rendered in favor of the defendant in error (defendant below) on April 9, 1897; and the court gave plaintiff 120 days in which to make and serve a case-made for the supreme court. This time expired August 7, 1897, but on August 3, 1897, the plaintiff obtained an order of the trial judge, extending the time for serving a case-made 60 days additional to the time theretofore given; and on October 2, 1897, the trial judge again extended the time 60 days additional to the time given in the two previous orders. The case-made was served on the defendant in error on November 26, 1897, which was within the time embraced in the orders of the judge, but the defendant in error contends that, because the two orders extending the time to make and serve a case-made were signed without any notice to it, the same are void, and therefore the case-made was served out of time; that an order extending time to make and serve a case-made cannot be

made by the trial judge, except upon notice to the adverse party; and that the opposite party should be given an opportunity to resist such extension, which was not done in this case.

Section 4445, Statutes of Oklahoma, 1893, provides: "The court or judge may, upon good cause shown, extend the time for making a case, and the time within which the case may be served," etc. Time to make and serve a case-made can only be extended by the court or judge upon good cause shown, and not otherwise; but the court or judge, before whom the case was tried, must alone determine as to when good cause is shown, and the finding of the court or judge in relation thereto, is a finding of fact, which is not reviewable by the appellate court. Nor is it necessary that the adverse party have notice of the application for extension, or that he be present when the showing is made, or extension granted. This rule is well supported by the authorities. (*Baker v. Hall*, 29 Kan. 617; *Scurry v. Coleman*, 14 S. C. 166; *Irvine v. Myers*, 6 Minn. 560 [Gil. 394]; *Clark v. Ford*, [Kan. App.] 51 Pac. 938.)

II. After the plaintiff had introduced all of his evidence and rested, the defendant demurred to the evidence, which demurrer was by the court sustained, and judgment entered for defendant; and the plaintiff appeals to this court assigning error as follows: (1) "Said court erred in sustaining the demurrer of defendant in error to the evidence of plaintiff in error; (2) said court erred in overruling the motion of plaintiff in error for a new trial; and (3) said court erred in excluding evidence offered by plaintiff in error." The above assignments of error will only be considered by this court upon

· a record which contains all of the evidence introduced · upon the trial, for the reason that the plaintiff in error relies upon error alleged to have been committed by the trial court in admitting incompetent evidence, in excluding competent evidence and in sustaining defendant's demurrer to plaintiff's evidence. Does the record presented contain all of the evidence? On page 20 of the record the following statement appears: "Be it further remembered that afterwards the following proceedings were had in said cause, and the following evidence was introduced, which is all the evidence that was introduced in said cause." It is, however, apparent from the face of the record, that it does not contain all of the evidence introduced upon the trial. In fact, a great deal of very important evidence is omitted from the case-made, such as a copy of the insurance policy on which the suit was brought, copy of proof of loss, judgments of courts, etc. Blanks were left in the case-made for these records and papers, but they were never inserted, and are not in the record. The court is of the opinion that, where the record itself discloses the absence of a part of the evidence introduced upon the trial, the record will prevail over a positive statement in the case-made to the effect that it contains all of the evidence.

In the case of *Board v. Wagner*, (Ind. Sup.) 38 N. E. 171, the court said: "When it affirmatively appears from the bill of exceptions that photographs and maps used in evidence were omitted from the transcript, the defect is not remedied by a statement in the bill of exceptions that it contains all the evidence."

The same court, in *Marvin v. Sager* (Ind. Sup.) 44 N. E. 310, held: "Where the bill of exceptions shows affirm-

atively that all the evidence is not included therein, blanks having been left for the insertion of deeds read in evidence, the sufficiency of the evidence cannot be considered, though the bill contains a recital that it contains all the evidence." The following cases are to the same effect: *Saxon v. State*, (Ind. Sup.) 18 N. E. 268; *Cowger v. Land*, (Ind. Sup.) 12 N. E. 96; *Harris v. Tomlinson*, (Ind. Sup.) 30 N. E. 214; *Stout v. Turner*, (Ind. Sup.) 26 N. E. 85.

The rule that an appellate court will not review a case on the evidence, when the case-made or bill of exceptions does not contain all of the evidence pertaining to the particular subject assigned as error is too well settled to cite authorities in support thereof. The case-made presented to this court does not contain all of the evidence introduced on the trial, and for that reason the judgment of the trial court is hereby affirmed, and cause remanded to the lower court. A mandate will issue to the trial court in conformity herewith.

McAtee, J., having presided in the court below, not sitting; all of the other Justices concurring.