## MIDLAND VALLEY RAILROAD CO. v. GIBSON.

No. 14304—Opinion Filed Oct. 23, 1923.

Rehearing Denied Dec. 18, 1923.

### 1. Negligence—Elements.

To constitute actionable negligence, where the alleged wrong is not willful and intentional, three essential elements are necessary: (1) The existence of a duty on the part of the defendant to protect the plain-

tiff from injury; (2) failure of the defendant to perform that duty; and (3) injury to the plaintiff resulting from such failure.

### 2. Same—Question for Jury.

Negligence is the absence of care, according to the circumstances of each case, and is always a question for the jury, when there is a reasonable doubt as to the facts, or as to the inference to be drawn from them; i. e., where reasonable men may differ as to the existence thereof.

### 3. Trial—Directing Verdict.

Where the evidence is conflicting and the court is asked to direct a verdict, all facts and inferences in conflict with the evidence against which the action is to be taken must be eliminated entirely from consideration and totally disregarded, leaving for consideration that evidence only which is favorable to the party against whom the motion is leveled.

### 4. Damages—Instruction—Sufficiency.

An instruction, otherwise correct as to the measure of damages and the elements to be considered in the assessment thereof, is not erroneous for failure to tell the jury their verdict must be based upon the evidence, where in the general charge this direction is given.

### 5. Same — Instruction on Weight of Evidence.

A jury cannot be instructed to wholly disregard the admissible opinions of expert witnesses, nor that no reliance is to be placed on or aid gained from the same; but it is not error to instruct them that they may disregard such evidence if they deem it unreasonable or not entitled to belief because of other and contradicting evidence from witnesses claiming positive knowledge.

### 6. Appeal and Error — Record of Evidence —Omission of Exhibits.

When the case-made contained a statement that all of the evidence introduced upon the trial is contained therein, but the record itself shows upon its face that it does not, and that material written instruments were omitted therefrom, the record is the best evidence, and will prevail over such statement. The same rule applies to photographs, plats, maps, or instruments of any kind, and where such exhibits are omitted from the evidence, it will not be considered.

### 7. Trial—Refused Instructions Covered in Charge.

Where it appears that instuctions tendered by attorneys and refused by the trial court were in substance and effect given by the trial court in its final instructions to the jury, the refusal to give instructions asked for does not constitute reversible error.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Tulsa County; W. B. Williams, Judge.

Action by Grace Gibson against the Midland Valley Railroad Company, for damages. Judgment for plaintiff. Defendant brings error. Affirmed.

O. E. Swan, J. H. Maxey, and Christy Russell, for plaintiff in error.

J. S. Springer and E. G. Wilson, for defendant in error.

Opinion by THOMPSON, C. This action was commenced on the 4th day of February, 1921, by defendant in error filing her petition against the plaintiff in error, the Midland Valley Railway Company, a corporation, in the district court of Tulsa county, Okla., to recover damages for personal injury, and on the 24th day of May, 1921, defendant in error filed her amended petition in said court.

Parties will be hereafter referred to as plaintiff and defendant, as they appeared in the lower court.

Plaintiff alleges in her amended petition, in substance, that on the 8th day of November, 1920, she went to the wareroom of defendant by invitation of the agent of said company to identify a shipment of books, and that while she and the agent were counting the books another agent, or employe, of said company negligently, wantonly, and in gross disregard of the life and safety of the plaintiff, raised and displaced, managed and handled a heavy hogshead, throwing the said hogshead with great force and violence upon the plaintiff, thereby crushing and mangling her left foot, and crushing and breaking the bones of said foot, and permanently injuring and crippling her, and as a result thereof her foot became and remained enlarged, rendering her incapable of wearing the same size shoe on the injured foot that she wears on the other foot, and that said injury rendered her unable to work or transact her business; that she suffered and still suffers great pain of body and anguish of mind, and claims damages; that she has expended, for hospital fees and medical treatment, the sum of $250; that three years before she had been engaged in teaching music and dancing, but for the past three years she was engaged as general agent for sale of books, and salesmanship teacher, with headquarters at Chicago, Ill.; that, at the time of said injury herein complained of, she was earning, and that her earning capacity was, $5,000 per annum; that the injury complained of rendered her unable to perform the duties, either as teacher or gener-

al agent, and that she still remains so incapacitated, and is permanently crippled and disabled, and concludes the petition with a prayer for $10,000 damages and costs.

The answer of defendant is a general denial and a plea of contributory negligence on part of the plaintiff.

Upon these issues the cause proceeded to trial before a jury, on the 19th day of December, 1922, resulting in a verdict in favor of the plaintiff for $1,500, and after a motion for a new trial was filed and overruled and exceptions reserved, the court, on the 8th day of January, 1923, pronounced judgment upon the verdict of the jury for the amount of $1,500, and the cause comes regularly upon appeal by the defendant to this court from said judgment.

The attorneys for defendant in their brief set up six specifications of error, as follows:

"1. The trial court erred in refusing to instruct the jury to return a verdict for the defendant.

"2. The trial court erred in instructing the jury as to the measure of damages.

"3. The trial court erred in refusing to give to the jury instruction number 3 requested by the defendant.

"4. The trail court erred in refusing to give to the jury instruction number 6 requested by the defendant.

"5. The trial court erred in overruling the motion of the defendant for a new trial.

"6. The trial court erred in rendering judgment in favor of the plaintiff."

In view of the assignments of error set up in brief of defendant, it will be necessary to review somewhat in detail the testimony in this case. The plaintiff testified, in substance, that this injury occurred on the 8th day of November, 1920, and that she did not commence work regularly thereafter until March 14, 1921; that she was confined in the hospital, under treatment, for several days and afterwards taken to her home where she was confined for several weeks. under a doctor's care, after which she went around on crutches until about the 7th day of January, 1921; that three of her toes, at least, were broken, all of the nails on the crushed foot were mashed off; that the foot was badly swollen and discolored, and that she suffered great bodily pain and mental anguish from the injury, and on the proposition whether the injury was permanent or not she testified that the injured foot was enlarged, so that she had to wear a shoe one size larger than she had to wear on the other foot; that even yet, at the time of the trial, which

was over two years after the injury was sustained, her foot still hurt her regularly at all times; that she can not sleep well; that if she stepped on the sidewalk with the injured foot and did not get all the injured foot on the sidewalk she was sure to fall because all her toes were weak. She further testified, in regard to how the accident occurred, that she was standing next to the hogshead, which crushed her foot, counting her books, and that Vaught, the agent of the company, was about one foot from the hogshead, and that he pulled something out from under the hogshead, letting the hogshead drop on her foot, and he stepped away five or six feet, having in his hands a truck by both handles, the truck having a nose under it, which is used to insert under a bale, barrel. or bundle, and gave as her opinion that this was what he pulled out from under the hogshead. Upon cross-examination by defendants counsel she was asked these questions with reference to where Vaught was standing:

"Q. * * * Was he as far as six feet from it? A. No, sir; it was not a foot away from it. Q. Was not a foot away from it—now, when he pulled out this truck from under the barrel, it fell on your toe —that is right, is it? A. Yes, sir."

And she further testified:

"A. * * * I screamed and Mr. Mason looked up astonished to know what was the matter and I says, 'you dropped this barrel on my foot.' Mr. Mason proceeds to say, 'Mr. Vaught, you should be more careful,' and at that Mr. Mason and Mr. Vaught lifted the barrel off my foot." (Mr. Mason, referred to, is the agent who went with plaintiff to identify the consignment of books, and Mr. Vaught, referred to, is the checking clerk of the defendant, as is disclosed by the evidence.)

The plaintiff further testified as to her earning capacity and her loss from being incapacitated by reason of the injury, from looking after the business in which she was employed.

Dr. Flynn, witness for plaintiff, testified that he attended on the plaintiff, and that he found her suffering from three broken toes; that he X-rayed the foot and found broken toes and broken bones; that her foot was swollen, and that her toes and foot were bruised, and that the injury was necessarily painful; and gave as his opinion that it would take an injury of this character three or four weeks to heal, and that the injured condition, or sensitive condition. of the toes would, in his judgment, last about two months; that it was pretty hard to say and that there was necessarily

a great deal of mental and physical pain connected with an injury of that kind.

The X-ray picture was identified and offered in evidence as an exhibit, but is not attached to or contained in the case-made but witnesses were examined upon it and the same was exhibited to the jury.

This being substantially the testimony on part of the plaintiff, the plaintiff rested and the defendant then introduced its testimony.

Witness W. A. Mason testified that he was agent for the Midland Valley Company on November 8, 1920, the date of the injury to plaintiff; that the plaintiff came to his office; that he had a bill for Mrs. Grace Wilson and a consignment of books for Mrs. Grace Gibson; that plaintiff inquired about this shipment and he told her that she would have to identify the shipment at the warehouse, and he suggested that they should go and see the shipment, and they examined the shipment and were counting the books, and that at that point there was a large hogshead of baking powder, and another barrel the size of a flour barrel, and other packages right near them; that plaintiff was standing near the barrel and he was some four feet away, and that Vaught was standing about eight feet north of her; that there was another barrel between Vaught and the barrel of baking powder; that the barrel of baking powder weighed about 450 pounds; that plaintiff screamed and he discovered that her foot had been mashed, that the barrel was raised by them and her foot released; that he did not see Vaught pull anything from under the barrel, and that he did not pull anything from under the barrel.

Dr. Atherton testified that he attended on the plaintiff, professionally, immediately after the accident at her home and removed her from her home to the hospital; that she was suffering from a fracture of the distal phalanx of the first, second and third toes on the left foot; that he took an X-ray picture (the same being the one heretofore referred to in Dr. Flynn's testimony), and he was examined upon this picture at length and pointed out several features of the picture. Among other questions and answers, this occurs in the record:

"Q. Referring to defendant's exhibit 1, will you state to the jury what that picture discloses as to fractures, if any, and what bones are fractured, point it out to the court and jury? A. Here is the fracture through the great toe (indicating to the jury) and here is the second fracture, middle of the second and right through here (indicating) of the third toe."

He testified that this picture showed the true condition of plaintiff's foot and one of the jurors interrogated this witness on this picture. He further testified that it was his opinion that the injury was not permanent; that he had not examined the plaintiff's foot to ascertain whether or not the toes were stiff and that without examination he was not prepared to tell the jury that they were not.

L. W. Vaught testified that he was checking clerk at the freight office on November 8, 1920; that he was present at the time of the accident; that he was about six feet from the plaintiff when she hollered and said the barrel was on her foot; that there were two barrels between him and the plaintiff; that he did not touch or move the barrel until he removed it from her foot, or that he did not remove anything from under the barrel; that he did not know the barrel was tipped, and that he did not know what caused the barrel to fall on plaintiff's foot.

The testimony of Miss M. M. Windsor is with reference to the employment of plaintiff, the earning capacity of plaintiff, and what she was earning in connection with her employment.

This is all the testimony material to a decision in this case.

Attorneys for the defendant contend that, "the court erred in refusing to instruct the jury to return a verdict for the defendant," and cite the case of St. Louis & S. F. Railway Co. v. Fick, 47 Okla. 530, 149 Pac. 1126, where it was decided:

"The mere fact that an injury occurs carries with it no presumption of negligence; it is an affirmative fact for the injured party to establish that the defendant has been guilty of negligence."

And upon this proposition they cite numerous authorities from the courts of other states, and also quote from the case of M., K. & T. R. Co. v. Stanton, 78 Okla. 167, 189 Pac. 753, where it was held:

"Negligence is the 'proximate cause' of an injury, only when the injury is the natural and probable result of such negligence, and in the light of attendant circumstances ought to have been foreseen by a person of ordinary intelligence and prudence."

Negligence is the absence of care, according to the facts and circumstances of each case. The facts in this case show that the plaintiff was where she had a right to be, on a lawful errand, identifying a shipment of books in the control of the agents of the defendant company, and was in its ware-

room by the invitation of the agent of the company, and that there was a hogshead there, which, with its contents. weighed 450 pounds, and that she was standing at or near this hogshead and while the fact is disputed by the defendant's witnesses, she testified positively that the shipping clerk, Vaught, was standing within a foot of this hogshead and pulled something out from under it, and walked away from it, and it fell upon her foot. crushing it and injuring it, as set forth in the testimony, and that when she looked up Vaught was standing with the handles of a truck in his hands, and from that she gave as her opinion that it was the truck he pulled out from under the barrel; that Vaught gave no warning or signal that he was intending to pull this truck. or whatever it was, out from under the barrel, and that immediately after she cried out and said. "You dropped this barrel on my foot," Mr. Mason said. "Mr. Vaught, you should be more careful." This last statement, above quoted, is not contradicted by the witness Mason or Vaught. and it is at least significant as part of what occurred at the time.

Under the circumstances, the defendant owed the plaintiff a duty to protect her, and if the injury occurred under the circumstances as detailed by plaintiff. the checking clerk. or agent Vaught. was guilty of a breach of duty toward plaintiff and was both careless and negligent of the safety of plaintiff when he moved the hogshead without warning when plaintiff was in close proximity thereto and liable to be injured thereby. This court, in numerous cases, had held:

"To constitute actionable negligence, where the alleged wrong is not willful and intentional, three essential elements are necessary; (1) The existence of a duty on the part of the defendant to protect the plaintiff from injury; (2) failure of the defendant to perform that duty; and (3) injury to the plaintiff resulting from such failure." Chicago, R. I. & P. R. Co. v. McIntire, 29 Okla. 797, 119 Pac. 1008; Texas Co. v. Collins, 42 Okla. 374, 141 Pac. 783; C., R. I. & P. Ry. Co. v. Foltz. 54 Okla. 556, 154 Pac. 519; C. & O. W. Ry. Co. v. Dunlap, 56 Okla. 755, 156 Pac. 654; Sulzberger & Sons Co. v. Strickland. 60 Okla. 158, 159 Pac. 833; St. Louis & S. F. Ry. Co. v. Jones, 78 Okla. 204, 190 Pac. 385.

We think that the three elements requisite to make out a case of actionable negligence, are present in this case, and, under the facts in this case, the question of negligence was one purely and solely for the jury, and is not a case that should be decided by the court as a matter of law.

In the case of Rock Island Coal Mining Co. v. Davis, 44 Okla. 412, 144 Pac. 600, this court held:

"Negligence is the absence of care, according to the circumstances of each case and is always a question for the jury, when there is a reasonable doubt as to the facts, or as to the inference to be drawn from them; i. e., where reasonable men may differ as to the existence thereof."

And to like effect, see C., R. I. & P. R. Co. v. Schands, 57 Okla. 688, 157 Pac. 349; Producers' Oil Co. v. Eaton, 44 Okla. 55, 143 Pac. 9.

The facts in this case did not warrant the trial court in instructing a verdict for defendant, as the questions raised by the evidence in this case are questions for the jury under proper instructions by the court.

In the case of Kelley v. Hamilton, 78 Okla. .179, 189 Pac. 535. this court establishes the rule:

"Where the evidence is conflicting and the court is asked to direct a verdict, all facts and inferences in conflict with the evidence against which the action is to be taken must be eliminated entirely from consideration and totally disregarded, leaving for consideration that evidence only, which is favorable to the party against whom the motion is leveled."

To like effect is the decision of this court in the case of Jones v. First State Bank of Bristow, 39 Okla. 784, 136 Pac. 737, where the court held:

"The question presented to a trial court on a motion to direct a verdict is whether, admitting the truth of all the evidence that has been given in favor of the party against whom the action is contemplated, together with such inferences and conclusions as may be reasonably drawn therefrom, there is enough competent evidence to reasonably sustain a verdict, should the jury find in accordance therewith."

This principle was again reiterated in the more recent case of Messman v. Wilt, 91 Okla. 240, 217 Pac. 412.

This court is of the opinion that the first assignment of error cannot be sustained in the light of the facts in the case and the authorities cited above.

The second proposition argued by attorneys for defendant is that "the court erred in instructing the jury as to the measure of damages," and in support of this contention they say that there was no evidence of permanent injury, and that in instruction No. 18, complained of, the court did not confine the jury to the evidence. The

court, in the instruction complained of, used this language:

"You are further instructed that the plaintiff would be entitled to recover damage for permanent injury, if any, which would result in a loss of earning power for the future"

—and did not use, in this particular instruction, the words, "find from the evidence," but the court, in all the previous instructions and in the general instructions, instructed them that they must find from the evidence, and that the plaintiff must establish her case by a preponderance of the evidence, and this court has settled this proposition in the case of Chickasaw Compress Co. v. Bow, 47 Okla. 576, 149 Pac. 1166, and being the case cited by counsel for defendant in their brief, where it said:

"An instruction, otherwise correct as to the measure of damages and the elements to be considered in the assessment thereof, is not erroneous for failure to tell the jury their verdict must be based upon the evidence, where in the general charge this direction is given."

All that is necessary in a set of instructions is that taken in their entirety and considered as a whole, they must fairly present the law of the case and must not be conflicting, and it is not necessary for each separate instruction to embody every fact and element essential to defeat an action or to cover an entire case.

As to the question raised by counsel as to whether the injury was permanent or not, the evidence disclosed that she had a very severe injury to her foot; that after over two years from the date of the injury the plaintiff testified at the trial that her foot was still paining her; that it was enlarged to the extent that she had to wear a shoe one number larger in size than the one she wore on her normal foot; that she had to be very careful in placing her foot squarely upon the ground or sidewalk, as it was still weak and if she did not do so she was sure to fall; and while it is true that the two doctors gave, as their professional opinion, that the injury was not permanent, yet, in face of the physical facts, that must have been patent to the jury, that her foot was still enlarged at the trial, when she appeared as a witness, and her positive testimony does not accord with the opinion of the doctors and this court, based upon the professional opinions.

The case of Producers' Oil Co. v. Eaton, 44 Okla. 55, 143 Pac. 9, held:

"A jury cannot be instructed to wholly disregard the admissible opinions of expert witnesses, nor that no reliance is to be placed on or aid gained from the same; but it is not error to instruct them that they may disregard such evidence if they deem it unreasonable or not entitled to belief because of other and conflicting evidence from witnesses claiming positive knowledge."

See, also, 2 Jones, Commentaries on Evidence, sections 390-392; 3 Wigmore on Evidence (1st Ed.) sections 1917-1924.

There was also introduced the X-ray picture taken by the doctors, showing the condition of the injured foot, and that is not contained in the record, but the court and jury had this X-ray picture before them and the witnesses were examined upon it and we cannot tell what probative force or effect this photographic view, showing the injury, had upon the court and jury, and this court, upon this proposition, in the case of Anderst v. Atchison, Topeka & Santa Fe Railway Co., 19 Okla. 206, 91 Pac. 894, said:

"When the case-made contains a statement that all of the evidence introduced upon the trial is contained therein, but the record itself shows upon its face that it does not, and that material written instruments were omitted therefrom, the record is the best evidence and will prevail over such statement.

"The same rule applies to photographs, plats, maps, or instruments of any kind, and where such exhibits are omitted from the evidence, it will not be considered. Board v. Wagner (Ind.) 38 N. E. 171; Marvin v. Seger (Ind.) 44 N. E. 310; Saxton v. State (Ind.) 18 N. E. 268; Cowger v. Land (Ind.) 12 N. E. 96; Harris v. Tomlinson (Ind.) 30 N. E. 214; Stout v. Turner (Ind.) 26 N. E. 85."

This rule finds support in the following cases: Pappe v. Amer. Fire Ins. Co., 8 Okla. 97, 56 Pac. 860; Ragains v. The Geiser Mfg. Co., 10 Okla. 544, 63 Pac. 687; Arnold v. Moss, 27 Okla. 524, 112 Pac. 995; Waltham Piano Co. v. Wolcott, 38 Okla. 770, 135 Pac. 339; Moore-DeGrazier & Co. v. Haas et al., 53 Okla. 817, 158 Pac. 584.

It is our opinion that this instruction complained of is correct, based upon the law and evidence in this case.

The third contention of the defendant in the brief is that the court erred in refusing to give the following instruction:

"You are instructed that you can allow no recovery on account of permanent injury."

This question is disposed of adversely in the decision on the second contention.

The fourth ground of complaint is that the court erred in refusing to give instruction No. 6, which is as follows:

"If you find from the evidence in this case that the barrel in question was in such a position as to permit plaintiff to place her foot under the same, and that she touched or moved it, causing it to fall on her foot or that through some cause unknown it fell on her foot, injuring the same, then your verdict should be for defendant."

There is absolutely no evidence that would justify this instruction in our view of the record. No one testified that the plaintiff touched or moved the barrel or that it touched her until Vaught pulled something out from under it and it fell upon her foot, but, be this as it may, the court, in his instruction No. 4, instructed the jury that contributory negligence was want of ordinary care on part of the party injured, and was the want of such care as an ordinarily prudent person would have exercised, under the same or similar circumstances, which, by itself or concurring with the negligence of the defendant, if any, proximately causes the injury. In instruction No. 5, the court instructed the jury that if plaintiff, by using her faculties, with ordinary and reasonable care in looking out for danger, could have avoided the injury, and that she negligently failed to do so and thereby contributed to the injury, she could not recover. In instruction No. 6, the jury was instructed that if the plaintiff were guilty of some act of negligence or concurring with the negligence of the defendant, caused or contributed to her injury, the plaintiff could not recover and the verdict should be for the defendant. In instruction No. 14, the court instructed the jury that if the evidence failed to disclose what was the cause of the accident and if from a careful consideration of all the evidence the cause of such accident were unknown, the plaintiff could not recover. In instruction No. 16, the court instructed the jury that it was the duty of the plaintiff to use ordinary care to prevent injuries to herself from the causes complained of in her petition, and if she failed to do so and was guilty of negligence, which directly contributed to her injury and but for which she would not have been injured, the law is for the defendant and that the jury should so find.

In our view of this case these instructions were sufficient upon this proposition and fairly stated the law of the case upon this proposition to the jury and this court has held, in a long unbroken line of decisions, and in the recent case of Knights & Ladies of Security, v. John Bell, 93 Okla. 272, 220 Pac. 594 that:

"Where it appears that instructions tendered by attorneys and refused by the trial court were in substance and effect given by the trial court in its final instructions to the jury, the refusal to give instructions asked for does not constitute reversible error."

Then, there being no evidence that the plaintiff touched the hogshead or caused it to fall upon her foot by any act of hers, and there being positive evidence that the agent Vaught did touch the barrel and did cause it to fall upon her foot, and for the further reason that the court did give proper instructions, which, in effect, covered all that the defendant was entitled to upon this proposition, as we view it, this court is of the opinion that it was not error for the court to refuse to give the instruction requested.

The instructions of the court in this case are very voluminous, numbering 21, and we think every phase of this case was properly presented to the jury, and the jury had all of the evidence before it, and it was within their province to say what evidence they believed and what they did not believe, and we think there is ample legal evidence in this record to sustain the finding of the jury, and this court has repeatedly held that under such circumstances this court will not disturb the verdict of the jury upon an appeal.

Upon an examination of the entire record and review of the authorities, cited by counsel on both sides in their briefs in this case we are of the opinion that the case was fairly tried and the issues fairly submitted to the jury by proper instructions, and that the verdict of the jury is amply sustained by the evidence, and that the judgment of the trial court should be and is hereby affirmed.

By the Court: It is so ordered.