JOHN F. WAFER v. THE HARVEY COUNTY BANK, *et al.*

1. PARTIES—*Substitution*—*Discretion of Court.* Section 45 of the civil code vests in the court to which the application for substitution is made, a legal discretion to grant or refuse the application; and where such substitution would prejudice the rights of a plaintiff, the discretion of the court is not abused if the application for substitution be denied; if, however, the rights of a plaintiff will not be injured by substitution, the court should permit the same to be made within the terms of the statute.

2. ATTACHMENT—*Lien*—*Creditors*—*Parties Defendant.* Where the creditors of a debtor cause the personal property of the latter to be seized upon orders of attachment for the satisfaction of their debts, they acquire thereby an attachment lien upon the property, and in an action of replevin brought by a mortgagee or pledgee against the officer holding the property by virtue of the orders of attachment, the creditors, upon their application, should be permitted to be made parties defendant, so that they may establish any facts that will defeat the claimant's title to the property seized by attachment.

*Error from Harvey District Court.*

REPLEVIN, brought by *The Harvey County Bank* and another, against *John F. Wafer*, as sheriff of Harvey county. Judgment was rendered for plaintiffs March 31, 1885. The defendant brings the case here. The opinion states the material facts.

*Green & Shaver, W. E. Lathy,* and *James D. Snoddy,* for plaintiff in error.

*Bowman & Bucher,* and *J. W. Ady,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: On May 5, 1884, John F. Wafer, as sheriff of Harvey county, seized a stock of goods at Newton, worth about $22,000, alleged to belong to R. M. Hamill, upon five several orders of attachment against the property of Hamill, which had been issued to him by the clerk of the district court of his county. On May 8, 1884, the Harvey county bank and R. M. Spivey brought this action against Wafer to recover possession of these goods, claiming that they had a special ownership therein of the value of fifteen thousand dollars. They predicated their right of possession of the goods upon a chattel mortgage, dated March 20, 1884, to secure a note of $10,000, which mortgage was filed with the register of deeds May 3, 1884; and also by virtue of a pledge of the goods by Hamill to Spivey, to secure $5,000. The stock of goods being taken from Wafer on the order of replevin, he executed to the plaintiffs on May 9, 1884, a redelivery bond, under § 182 of the civil code; thereupon, the goods were returned to him. On May 19 following, and before answer to the petition, Wafer moved that the attaching creditors should be substituted as defendants in his stead, and the creditors also at the same time appeared and prayed to be substituted as defendants for Wafer. These several applications were denied on May 20th. On the same day, each of the attaching creditors separately applied to be made a party defendant with Wafer. These applications were also refused. After this, Wafer filed an answer containing a general denial, and the case was tried before the court with a jury. The jury returned a verdict that the bank and Spivey were, at the commencement of the action, entitled to the possession of the stock of goods in controversy, and that the value of their right of possession was ten thousand dollars, on which there was due one thousand and one hundred dollars interest. Wafer filed his motion for a new trial, upon the hearing of which the bank and Spivey offered to remit $2,460 of the value of their right of possession, as found by the jury. This offer was ac-

cepted by the court, and the motion for a new trial overruled. Judgment was rendered in favor of the bank and Spivey for a return of the goods, or the sum of $8,640, in case a return could not be had, together with all the costs.

The first error complained of is the refusal of the court to substitute the attaching creditors as defendants, instead of Wafer. Section 45 of the code provides:

"In an action against a sheriff or other officer, for the recovery of property taken under an execution and replevied by the plaintiff in such action, the court may, upon application of the defendant and of the party in whose favor the execution issued, permit the latter to be substituted as the defendant, security for the cost being given."

Even if under a liberal construction of the code an attachment be considered in the nature of an execution, and therefore this section be held to embrace the case of an attaching creditor, we do not think the trial court committed error in refusing to substitute the attaching creditors in place of Wafer.

1. Parties—substitution—discretion of court.

The permission of the substitution is discretionary with the court, and the refusal of such permission cannot be assigned for error unless the discretion is abused. A sheriff has no absolute right to be exempt from all liability for his acts, and the section authorizes the substitution upon giving security for costs merely, leaving the damages claimed to depend upon the sole responsibility of the substituted defendants. This action was instituted to recover the goods replevied, and also $500 as damages for their detention. In some cases, if the sheriff could evade altogether his responsibility for damages and devolve it upon non-residents, great injustice might ensue. (*Sifford v. Beaty*, 12 Ohio St. 189.) Where the rights of a plaintiff will not be injured, the court, however, should permit such substitution within the terms of the statute.

The next error complained of is the refusal of the court to permit the attaching creditors to become parties defendant with Wafer. We think the court should have allowed these creditors, upon their several applications, to have been made

parties. Wafer was merely acting for the several attaching
creditors; he was simply a trustee for the creditors of their
process in his hands, and of the stock of goods seized upon
it. The plaintiffs below claimed to be entitled to the imme-
diate possession of the goods, and by replevin had taken it
out of the possession of Wafer and into their own. Not a
step could be taken in the progress of the case that did not
involve the merits or demerits of one or the other of the
parties in interest. The attaching creditors were not strangers
to the controversy, but had an interest in the subject-matter
of the suit. That interest was adverse to the claim of the
plaintiffs. As the attaching creditors were parties
to be affected, the court should have permitted
them to be made defendants, so that they might
have fought their battles in their own way. With certain ex-
ceptions, the code requires that every civil action shall be
prosecuted in the name of the real party in interest; and always
permits the real parties interested in the subject-matter of the
suit to come in and defend in person, rather than to have
their defense made through some nominal party. (Code, §§ 36,
41, 42; *Morgan v. Spangler*, 20 Ohio St. 38.)

2. Attachment—
lien—credi-
tors—parties
defendant.

It is said that as Wafer held the property under orders of
attachment, all the rights of the attaching creditors could have
been, and were, as fully protected by him alone as if the at-
taching creditors had been made defendants; therefore it is
urged that the refusal of the court to permit these creditors to
become parties defendant could not, and did not, work any
harm or disadvantage to them; and the error, if any was com-
mitted, was wholly immaterial. We do not think this is the
case. Wafer had levied upon the stock of goods belonging to
Hamill, under five separate orders of attachment, issued at
the instance of five different mercantile firms; the attaching
creditors had adverse interests; Wafer could not effectively
represent all of these different and conflicting interests; this
is well illustrated by what took place among counsel upon the
hearing of this case before this court; the counsel represent-
ing Messrs. Kahn, Schoenbrunn & Co., attaching creditors, de-

sired to dismiss the petition in error, alleging that his clients were interested in having the judgment of the trial court affirmed; while the counsel of some of the other creditors strenuously objected, and have since filed with us the affidavit of Wafer, showing that he is opposed to the motion for dismissal made by the counsel representing Messrs. Kahn, Schoenbrunn & Co.

By reason of the trial court's refusal to allow the attaching creditors to defend the action, they were not personally represented in such action; at least, they were not parties thereto; they ought to have been permitted to defend for their own protection; if they had been parties, they might, perhaps, have defended successfully. This conclusion in no way conflicts with the decision in *Tennent v. Battey*, 18 Kas. 324. Mr. Justice BREWER, speaking for the court in that case, said, among other things:

"Possession must be preserved, to preserve the attachment lien. . . Therefore, in order to preserve the lien of attaching creditors as a security for the satisfaction of any judgment they may recover, they have the right to defend that lien against third parties claiming the goods, and in that defense they have the right to show any fact that will defeat the claimant's title. If this were not so, they might, though their claim against the debtor be never so meritorious, be compelled to relinquish their security to one claiming under a title fraudulent as to them."

As new parties must be made defendants, and another trial is to be had, we do not think it advisable or necessary to comment upon the other alleged errors.

The judgment of the district court will be reversed, and the cause remanded for further proceedings in accordance with the views herein expressed.

All the Justices concurring.