.W. F. PIERCE, *Sheriff of Kay County*, v. ELIZABETH ENGEL-KEMEIER.

(Filed June 30, 1900.)

1. REPLEVIN, ACTION IN—*Parties Defendant—Substitution.* In an action in replevin, in which the sheriff was defendant, and an application was made by the judgment creditors to be "substituted as defendants herein," and in which the property had not been replevied by the plaintiff, but was in the possession of the judgment creditors, who were non-residents, and in which the application was not made before answer, and was unverified, and in which no security for costs was offered or given, it was properly refused by the district court.

2. SAME. The permission to substitute is, at any rate, discretionary with the court, and error cannot be assigned upon it unless the discretion is abused.

3. CONTINUANCE—*Grounds for.* Under the circumstances as shown in this case, an application for continuance on the ground of the sickness of one of the attorneys in the cause, was refused by the trial court. The sickness of an attorney is not one of the statutory grounds entitling the party to a continuance. It is discretionary with the court to grant or refuse it.

4. CASE-MADE, MUST CONTAIN, WHAT. The case-made should show in itself that it contains all the evidence, and when it is manifest from internal evidence, that the case-made is seriously imperfect, and does not, in fact, contain all the evidence produced in the cause, it is impossible to determine assignments of error, touching the improper admission of evidence, the property of certain instructions asked by the defendant, or the proposition that the verdict is not sustained by sufficient evidence.

(Syllabus by the Court.)

*Error from the District Court of Kay County; before Bayard T. Hainer, District Judge.*

*W. S. Cline* and *Ira A. Hill*, for plaintiff in error.

*Dale & Bierer*, for defendant in error.

### STATEMENT OF THE CASE.

This action was brought in the district court of Kay county, on the 26th day of September, 1897, by the defendant in error, who was the plaintiff below, to recover the value of three thousand bushels of wheat, one hundred and fifty head of hogs, one frame store building and a frame house. On the 29th day of July, 1897, the Bank of Blackwell obtained a judgment in the probate court of Kay county against Henry Engelkemeier for the sum of $351.91, and two days thereafter the United States School Furniture company and the Acme Harvester company obtained judgments against the same defendant in the same court for the respective sums of $764.93 and $145.15. Executions were issued upon these judgments and placed in the hands of the plaintiff in error, as sheriff of Kay county, and by him levied upon the property described in the petition, as the property of Henry Engelkemeier, the husband of the defendant in error.

It was claimed by the plaintiff that about July 19, 1897, her husband, Henry Engelkemeier, had transferred to her all of the property thus taken in settlement of a debt of $3,825.00, claimed to be due to her, in consideration of the proceeds of the sale, some years prior thereto, of eighty-five acres of land in Nebraska, which had belonged to her, and which had passed by her consent and as a loan into the hands of her husband.

A jury was impanelled to try the cause. It returned a verdict in favor of the plaintiff, defendant in error here, for the recovery of the property, or the value thereof, assessed at $2,821.75, in case a delivery thereof could not be had, and judgment was rendered thereupon. The property had not been taken under the writ of replevin.

Opinion of the court by

McATEE, J.:  When the case came on for trial, applica
tion was made by the United States School  Furniture
company, the Acme Harvester company and the Bank of
Blackwell, to be substituted as defendants herein.  This
application was denied, and the denial is assigned as
error.

The application was based upon sec. 3917 of the code
of civil procedure, which provides, that: "In an action
against a sheriff or other officer, for the recovery of prop-
erty taken under an execution, and replevied by the plain-
tiff in such action, the court may, upon application of the
defendant and of the party in whose favor the execution
issued, permit the latter to be substituted as the de-
fendant, security for the cost being given," and upon sec.
3906, which provides, that:  "Any person may be made
a defendant that has or claims an interest in the contro-
versy adverse to the plaintiff, or who is a necessary party
to a complete determination or settlement of the ques-
tion involved."

The property in this case was not "replevied by the
plaintiff in the action."  The defendant made no request
to be admitted to the cause as associate defendant with
Pierce, the sheriff, and no security for costs was proffered
in behalf of the judgment creditors, who sought to be
"substituted" in lieu of the sheriff.  The judgment cred-
itors are non-residents, and since no security for costs was
given or proffered, if the order which was sought for had
been made, the court would have done to the plaintiff the
injustice of permitting non-residents to be substituted in
lieu of the resident sheriff, and if the order had been made
as requested by the creditor companies,  the  plaintiff

would have been compelled to seek for the recovery of costs, not against the resident sheriff, but against the non-resident companies or corporations.

It will be found upon an examination of sec. 3917 and the two sections that precede it; to-wit, sections 3915 and 3916 of the code of civil procedure, that the relief provided for in the former section must be sought in the terms and under the provisions of the preceding sections, one of which is, that:

"(3915). Upon affidavit of a defendant, before answer, in any action upon contract, or for the recovery of personal property, that some third party, without collusion with him, has or makes a claim to the subject of the action, and that he is ready to pay or dispose of the same, as the court may direct, the court may make an order for the safe keeping, or for the payment or deposit in court, or delivery of the subject of the action, to such persons as it may direct, and an order requiring such third party to appear, in a reasonable time, and maintain or relinquish his claim against the defendant. If such third party, being served with a copy of the order, by the sheriff, or such other person as the court may direct, fail to appear, the court may declare him barred of all claim in respect to the subject of the action, against the defendant therein. If such third party appear, he shall be allowed to make himself defendant in the action, in lieu of the original defendant, who shall be discharged from all liability to either of the other parties in respect to the subject of the action, upon his compliance with the order of the court for the payment, deposit or delivery thereof."

The application in this case was not made until after the issues had been made up and the case set for trial, and the application was not verified as provided by the statute. The defendants did not, therefore, bring themselves within the provisions of the statute relied upon,

and conformity with which would alone have justified the court in making the order asked for, and the power given to the court by the statute is discretionary, and the court "may exercise it or not."

It was said by the supreme court of Kansas, upon the statute under consideration, in *Wafer v. Harvey Co. Bank.* 36 Kans. 292, (Chief Justice Horton) that:

"The permission of the substitution is discretionary with the court, and the refusal of such permission cannot be assigned for error unless the discretion is abused. A sheriff has no absolute right to be exempt from all liability for his acts, and the section authorizes the substitution upon giving security for costs merely, leaving the damages claimed to depend upon the sole responsibility of the substituted defendants. This action was instituted to recover the goods replevied, and also $500 as damages for their detention. In some cases, if the sheriff could evade altogether his responsibility for damages and devolve it upon non-residents, great injustice might ensue. (*Sifford v. Beaty*, 12 Ohio St. 189). Where the rights of a plaintiff will not be injured, the court, however, should permit such substitution within the terms of the statute."

Neither can the plaintiff in error rely upon the provisions of sec. 3908 of the civil code, since the provision there is, that:

"Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff."

Since this provision does not contemplate the complete displacement of the original defendant and his liability, and the entire substitution therefor of other defendants, as was sought for here, nor were the judgment creditors who proposed the substitution necessary parties to a complete determination or settlement of the questions involved in the cause.

On September 10, 1898, the case was assigned for trial on September 14, 1898, and upon that day an application was presented by the defendant for a continuance for the term, because of the absence of one of the defendant's counsel, T. J. Blevens. This the court refused, but passed the case one day later, to-wit, the 15th of September, 1898. Upon this, the next day, the 15th of September, an application for continuance on account of the sickness of T. J. Blevens, was renewed. The application was refused, and the cause was then tried. This refusal of the court is also assigned as error.

The affidavit for continuance, made by T. J. Blevens, set forth that he was the sole and only attorney for the judgment creditors, the United States School Furniture company, and the Acme Harvester company; that W. S. Cline, whose name is signed to the affidavit herein, represents the Bank of Blackwell; that Cline in no way represents the clients represented by this affiant; that these clients were non-residents, living in distant states, and had confided the management and control of the defense solely to the affiant, who was familiar with their defense: that since the assignment of the cause on September 10, he had been taken suddenly ill and was unable to talk or confer with any one concerning the cause.

It appeared that on the 20th day of November, 1897, the defendant had demurred to the petition, the attorneys representing the demurrer appearing as "W. S. Cline and T. J. Blevens, attorneys for defendant." And that on the demurrer having been overruled, on the second day of March, 1898, the defendant filed his answer by "W. S. Cline and T. J. Blevens, attorneys for defendant." And that on the 15th day of August, 1898, the defendant con-

sented that the plaintiff may file a reply, the consent being given by "W. S. Cline, attorney for defendant."

Mr. Cline appears to have occupied quite as prominent a place in the conduct of the suit on behalf of the defendant as did Mr. Blevens. Edward L. Peckham also appeared on behalf of the deefndant, and participated freely in the trial of the cause. The sickness of an attorney is not one of the statutory grounds entitling a party to a continuance, and it has been repeatedly and often held that an application for continuance, under circumstances like the present, is discretionary with the court.

It was so held in Colorado, in *Keegan v. Donnelly et al.,* 52 Pac. 292, in which the court said, that:

"It has become the settled rule in this jurisdiction, confirmed by repeated decisions of the highest appellate tribunals, that the action of trial courts upon applications for continuance is discretionary with them, and, while such action is subject to review on appeal, it is reviewable only in case of manifest abuse of discretion. (*Dawson v. Coston,* 18 Colo. 493, 33 Pac. 189; *Michael v. Mills,* 22 Col. 440, 45 Pac. 429);    *   *   *."

And it was held by the supreme court of Kansas in *Educational Association v. Hitchcock,* 4 Kan. 36, that:

"It is very doubtful if, in a case like the one at bar, and under the circumstances surrounding it, the absence of a particular attorney ought to be held as a good ground for a continuance, though cases might, and no doubt do frequently arise, in which a court, in the exercise of a sound discretion, would feel bound to defer a trial for such reason, but we think that this whole matter is very greatly within the limits of, and should be held subject to, such sound discretion of the court to whom the application is addressed; and in such case a reviewing court would decline to interfere, unless it could be shown that the inferior court had abused its power in the premises. In this

instance it does not seem to us that the court was liable to a charge of this kind."

And it was said by the supreme court of Minnesota, in *Adamek v. Plano Mfg. Co.*, 66 N. W. 981, that generally the continuance of an action is discretionary with the trial court, which discretion this court will not undertake to control.

Other cases to a like effect are *Condon v. Brockway*, 41 N. E. 634, *Baumberger v. Arff*, 31 Pac. 53 (Cal.) and *Zelinsky v. Price*, 36 Pac. 28, (Colo.).

The matter was within the sound discretion of the court, and we cannot see that this discretion was in any degree abused. The cause appears to have been well tried on behalf of the plaintiffs in error.

Other assignments of error are touching the admission of improper evidence, over the objection of the defendant, and the refusal to give istructions asked for by the defendant, and that the verdict is not sustained by sufficient evidence. These assignments of error require an examination of the evidence in the cause, but in order to do this the case-made should show that it contains all the evidence, and this court will not consider the case-made unless it does contain all of the evidence, although the certificate of the trial judge may contain a statement to that effect. (*Wade v. Gould*, 8 Okla. 690; *Devine v. Silvers*, 8 Okla. 700; *Board County Commissioners Custer Co. v. Delana*, 57 Pac. 162.)

It appears upon examining the case-made, that a Nebraska statute was offered and admitted in the evidence and is not contained in the record; that the petition and answer in the case of *United States School Furniture company v. Bank of Kildare*, including Henry Engelkemeier,

the journal entry and execution in the same case, and the papers and files in the case of *Bank of Blackwell v. Henry Engelkemeier*, and the journal entry and execution and all the papers and files in the case of *Acme Harvester Company v. Henry Engelkemeier*, (all records of the probate court) were offered and admitted in evidence; that page 406 of the miscellaneous deeds record from the office of the register of deeds of Kay county, was admitted in evidence, and also a deed from record "B" of the same office, and that certain pleadings in the causes of the judgment creditors referred to were read to the jury, and are not found in case-made.

Various other deeds and records were offered and admitted in evidence, and are not to be found in the case-made. Since it is, therefore, manifest from internal evidence that the case-made is seriously imperfect, and does not, in fact, contain all the evidence produced in the case, it is impossible to determine the assignments of error touching the improper admission of evidence, the propriety of certain instructions asked by the defendant, or the proposition that the verdict is not sustained by sufficient evidence.

The judgment of the trial court will, therefore, be affirmed.

Hainer, J., having presided in the court below, not sitting; all of the other Justices concurring.