JAMES G. RAGAINS V. THE GEISER MANUFACTURING CO.

(Filed Sept. 6, 1900.)

APPEAL—*Evidence, Not Reviewed When.* Evidence will not be reviewed on appeal unless the case-made or the bill of exceptions contains all of the evidence pertaining to the subject about which it is alleged that error has been committed; and when the case-made and the certificate of the trial judge contain statements to the effect that all of the evidence introduced upon the trial is contained therein, but the record itself shows upon its face that it does not, and that material written instruments and letters were omitted therefrom, the record is the best evidence and will prevail over such statements.

(Syllabus by the Court.)

*Error from the District Court of Kay County; before Bay ard T. Hainer, District Judge.*

*Tetirick & Rose,* and *Dale & Bierer,* for appellant.

*Henderson, Webster & Gilmer,* for appellee.

Opinion of the court by

BURWELL, J.: The above named plaintiff in error commenced his action in replevin against the defendant in

error, in the probate court of Kay county, to recover the possession of certain personal property seized by The Geiser Manufacturing company for the purpose of foreclosing a chattel mortgage executed by Ragains to it, to secure the payment of certain notes in the total sum of $800.00, which had been executed by Ragains to The Geiser Manufacturing company in payment of a threshing separator. A trial was had in the probate court which resulted in judgment in favor of the plaintiff, and from this judgment the defendant appealed, and a trial *de novo* was had in the district court. After the plaintiff had introduced all of his evidence, the defendant filed his demurrer thereto, which was sustained by the court. Thereupon, judgment was rendered for the defendant for costs, from which the plaintiff appealed.

We have carefully read the entire record in this case and find that a considerable portion of the evidence introduced upon the trial has been omitted from the case-made. It was the duty of the appellant, when he appealed from the judgment of the trial court, if he desired to have this court review the evidence introduced upon the trial and determine as to whether or not the demurrer to the evidence was properly sustained, to bring up all of the evidence introduced upon the trial, by case-made or bill of exceptions; and, inasmuch as he has failed to do this, he is not in a position to say that the trial court was not authorized to render the judgment entered in this case. A number of letters, etc., which were introduced in evidence, and which were very material to the issue, are wholly omitted from the record. Reference is made to them, but they are not attached to or copied into the case-made, and as their introduction in evidence unmistakably

—35

appears from the record itself, the certificate of the trial judge to the effect that the case-made contains all of the evidence will not change or modify this rule.

We will here say, however, that, under the evidence presented, we think the judgment of the trial court was correct, and it will not be presumed that the appellant omitted any evidence from the case-made that was particularly favorable to him. This court has heretofore announced the rule that a case will not be reviewed upon the evidence unless all of the evidence bearing upon the particular point sought to be reviewed is presented by the case-made or bill of exceptions. (*Pappe v. American Fire Ins. Co.*, 8 Ok. 97, and cases therein cited.)

For the reasons herein stated, the judgment of the trial court is hereby affirmed, at the cost of the appellant.

Hainer, J., having presided in the court below, not sitting; all of the other Justices concurring.