N. P. GARRETSON v. WILLIAM D. WITHERSPOON AND LOU
F. WITHERSPOON.

(Filed September 5, 1905.)

1. CASE MADE—Assignments of Error Arising on Evidence, Not Considered, When. Assignments of error which necessitate a review or consideration of the evidence will not be considered by this court, unless the record affirmatively shows all the evidence taken upon the trial is included therein.

2. CANCELLATION OF INSTRUMENTS—Proper, When—Remedy at Law. Where there is an entire want of consideration for a note and mortgage, and the mortgage as recorded constitutes a cloud upon the title to real property, and the facts proved tend to taint the transaction with fraud, Held, that such condition is sufficient occasion for invoking the equitable remedy of cancellation; and further, that under such circumstances, a court will exercise its equitable jurisdiction to order a surrender of the note, and decree cancellation of the mortgage, irrespective of any question of other remedies at law.

(Syllabus by the Court )

*Error from the District Court of Roger Mills County; before C. F. Irwin, Trial Judge.*

*George S. Green,* for plaintiff in error.

*Welty & Harrison,* for defendants in error.

Opinion of the court by

PANCOAST, J.: This was an action to cancel a note and mortgage executed by defendants in error to plaintiff in error. The petition, among other things, charged defendant below with receipt of the instruments, and alleged the money for which the same were given had never been transmitted to the plaintiffs or received by them, and that the note and mortgage had not been assigned or transferred by the defendant. The answer admitted receipt of the instruments, denied the agency, as to defendant, of the intermediator who negotiated the loan, denied that the note and mortgage were mailed to plaintiff in error with the understanding he would mail draft to the mortgagors for the amount of the loan, and alleged an assignment of the instruments on the day of their receipt, which assignment the reply denied. Upon the issues thus joined a trial was had to the court. Judgment was rendered for surrender of the note and cancellation of the mortgage. From this judgment, plaintiff in error has appealed, and assigns for grounds of reversal certain errors arising on the evidence, and also that the judgment was "contrary to law."

There is nowhere in the record before us a recitation to the effect that all of the evidence taken upon the trial is included therein, nor does the record itself show that such is the fact; and, as this court has many times held, unless a case made contains such a recitation, assignments of error which

necessitate a review or consideration of the evidence will not be considered on appeal. (*Exendine v. Goldstine,* 14 Okla. 100; *Frame v. Ryel,* 14 Okla. 536; *Ragains, et al v. The Geiser Mfg. Co.* 10 Okla. 544; *Pierce v. Engelkeimier,* 10 Okla. 308; and many others.) This court will not, therefore, undertake to determine such assignments of error as would, by their consideration, involve an examination of the evidence in the record.

Plaintiff in error attacks the judgment in this case under the general assertion that it is contrary to law, and in his brief, addresses himself particularly to the proposition that the trial court was without jurisdiction, inasmuch as the plaintiff below had a plain and adequate remedy at law.

The cases in which court of equity exercises its jurisdiction to decree surrender and cancellation of written instruments are, in general, where the instrument has been obtained by fraud, where a defense exists which could be cognizable only in a court of equity, where the instrument is negotiable, and by the transfer the transferee may acquire rights which the first holder did not possess, and where the instrument is a cloud upon the title of the plaintiff, to real estate. (6 Cyc. 286, *et seq; Venice v. Woodruff,* 69 N. Y. 467.)

In this case apart from any question of fraud, it would seem, in the light of authorities carrying weight in this jurisdiction, that upon non-performance by the defendant, even without the additional ground that the recorded mortgage constituted a cloud on plaintiffs' title to the property, the aid of a court of equity was proper to be invoked to obtain surrender of the note and cancellation of the mortgage. (6 Cyc. 288; *Grand Haven v. Grand Haven Waterworks Co.* 57 N. W.

1075; *Kirby v. Harrison,* 2 Ohio St. 326; *Angus v. Craven,* 132 Cal. 691.)

And while it is the general rule that a contract or conveyance which is improvident, or based on an inadequate consideration will not be set aside for these reasons alone, yet certainly where, as in the case at bar, there is not only nonperformance and clouding of title, but an entire want of consideration, and proof of such facts as furnishes in itself convincing evidence of fraud, this court will not hesitate to deem such condition a sufficient occasion for invoking the equitable remedy of cancellation.

In such a case, the exercise of equitable jurisdiction is not dependent upon the inadequacy of the legal remedy, but rescission and cancellation may be sought, irrespective of any question of a remedy at law. (6 Cyc. 291; *John Hancock Mut. L. Ins. Co. v. Dick* 114 Mich. 337; *Ranney v. Warren,* 13 Hun. [N. Y. ] 11; *Holden v. Hoyt,* 134 Mass. 181.)

The trial court has found the note and mortgage to be without consideration and void, and such finding under the condition of the record as it exists now, will not be inquired into or disturbed by this court. The facts proved and proper to be considered by the court show not only a failure of consideration but entire want thereof, and circumstances attending the transaction,—failure of the mortgagee to transmit the money after receipt of the papers, the attempted assignment before a maturity of the note, the long, unexplained delay, are certainly sufficient upon which to base a finding of a lack of good faith amounting to constructive fraud. The judgment is affirmed.

Irwin, J., who presided in the court below, not sitting; all the other Justices concurring.