SCOTTISH UNION & MUTUAL INS. CO. OF EDIN-
BURG, SCOTLAND, v. CHICAGO, R. I. & P. RY. CO.

No. 2406. Opinion Filed May 20, 1913.

(132 Pac. 674.)

**APPEAL AND ERROR**—Review of Evidence—Sufficiency of Case-
Made. The assignments of error relate to the rejecting or strik-
ing out of alleged improper evidence and sustaining the de-
murrer to plaintiff's (plaintiff in error) evidence. These assign-
ments of error require an examination of the evidence in the
case. In order to do this the case-made should show that it
contains all the evidence, and when such is not the case the
court will not consider the case-made.

(Syllabus by the Court.)

Kane, J., dissenting.

*Error from Superior Court, Pottawatomie County;*
*Geo. C. Abernathy, Judge.*

Action by the Choctaw Cotton Oil Company against the
Chicago, Rock Island & Pacific Railway Company. The Scot-
tish Union & Mutual Insurance Company of Edinburg, Scot-
land, was substituted as plaintiff. Judgment for defendant,
and plaintiff brings error. Affirmed.

*F. H. Reily,* for plaintiff in error.

*C. O. Blake, H. B. Low, R. J. Roberts, W. H. Moore*
and *J. H. Woods,* for defendant in error.

WILLIAMS, J. An action was commenced by the Choc-
taw Cotton Oil Company against the Chicago, Rock Island
& Pacific Railway Company to recover damages for the destruc-
tion by the railway company by fire of certain bales of cot-
ton, the property of the cotton oil company. Afterwards the
insurance company, the plaintiff in error herein, was sub-
stituted as plaintiff and the cause proceeded to trial. Plain-
tiff having introduced its evidence and rested, the defendant
railway company moved the court to strike out certain evi-

dence offered by plaintiff, which motion was sustained. Judgment having been rendered in favor of the defendant, this proceeding in error was commenced to review the action of the trial court.

The only assignments of error argued in plaintiff in error's brief are (1) as to the exclusion or striking out of certain evidence and (2) sustaining the demurrer of the defendant to plaintiff's evidence.

In *Pierce v. Engelkemeier,* 10 Okla. 308, 61 Pac. 1047, it is said:

"Other assignments of error are touching the admission of improper evidence, over the objection of the defendant, and the refusal to give instructions asked for by the defendant, and that the verdict is not sustained by sufficient evidence. These assignments of error require an examination of the evidence in the cause, but in order to do this the case-made should show that it contains all the evidence, and this court will not consider the case-made unless it does contain all of the evidence, although the certificate of the trial judge may contain a statement to that effect."

The same rule is followed in *Blackwell et al. v. Hatch,* 13 Okla. 169, 73 Pac. 933; *Garretson v. Witherspoon et al.,* 15 Okla. 473, 83 Pac. 415; and *Arnold v. Moss,* 27 Okla. 524, 112 Pac. 995. See, also, *National Drill & Mfg. Co. v. Davis,* 29 Okla. 625, 120 Pac. 976; *Herron v. M. Rumley Co.,* 29 Okla. 317, 116 Pac. 952.

The case-made does not contain an averment by way of recital that it contains all the evidence introduced or submitted on the trial of the cause. The defendant in error insists that for this reason the foregoing assignments of error are not available and cannot be determined by this court.

In *Gaffney v. Standard et al.,* 31 Okla. 541, 122 Pac. 510, a similar contention was made. In the opinion it is said:

"This defect in the case-made is called to the attention of the court by the brief of defendants in error. Counsel for plaintiff in error have replied to this brief, insisting that the

certificate of counsel is sufficient, but making no request for permission to correct the case-made."

As the assignments of error are not available on account of such defect in the case-made, the judgment of the lower court was affirmed. See, also, *Tootle, Wheeler & Motter Merc. Co. v. Floyd,* 28 Okla. 308, 114 Pac. 259; *Wagner v. Sattley Mfg. Co.,* 23 Okla. 52, 99 Pac. 643; *Board of County Commissioners of D. County v. Wright,* 8 Okla. 190, 57 Pac. 203.

Section 5243, Rev. Laws 1910, provides:

"If, after any record or case-made is filed in the appellate court, in either a civil or criminal cause, it shall appear that any matter which is of record in the court from which the appeal is taken, touching the cause appealed, or that any evidence heard on the trial of said cause, or that any statement or certificate or motion, or other matter is omitted from such record or case-made, or are insufficiently stated therein, the appellate court may, on its own motion, or on the motion of any party to such cause, within a reasonable time, to be fixed by the court, if in session, and if not in session, to be fixed by any justice of that court, prepare such omitted parts, and file such corrections in the appellate court, with like force and effect as though such corrected or added parts had been originally incorporated in the record or case-made, when first filed; and no appeal shall be dismissed by reason of such errors or omissions, until an opportunity be given to supply such corrections, and if ordered by the court on its own motion, the parties shall be given reasonable notice of the time allowed, and if made on the motion of one of the parties, the party desiring to amend must give to the opposite parties such notice as the court may by rule prescribe; or the parties, appellant and appellee, may by written agreement file such corrections. If such corrections be not made within the time so allowed, then the appeal may be dismissed, or judgment be affirmed, as the court may deem proper, and such order to correct, or leave so to do, may be had at any time before the cause is finally decided by the appellate court."

If the certificate that the case-made contains all the evidence had been signed by counsel for both sides, it might be that it could be construed as an agreement upon which the court

could order such correction to be made. But this certificate is signed only by counsel for the plaintiff in error. Such certificate made by counsel for only one side to the proceeding, being unauthorized in law, is insufficient to constitute the recital essential for the case-made to be complete.

On September 30, 1912, the defendant in error filed its brief in this court raising the question as to the incompleteness of the case-made on account of the lack of said recital, but no move has been made on the part of the plaintiff in error to have the same corrected.

The judgment of the lower court must be affirmed.

HAYES, C. J., and DUNN and TURNER, JJ., concur; KANE, J., dissenting.